Gary DUKES and Thomas E. Barber, d/b/a D & B Dozer Service, Plaintiffs-Appellants,

v.

SOUTH CAROLINA INSURANCE COMPANY, Defendant-Appellee.

No. 84–4676.

United States Court of Appeals, Fifth Circuit.

Sept. 13, 1985.

Cothren & Pittman, Robert G. Germany, Joseph E. Roberts, Jr., Jackson, Miss., for plaintiffs-appellants.

Heidelberg, Woodliff & Franks, David W. Dogan, III, Jackson, Miss., for defendant-appellee.

Before CLARK, Chief Judge, POLITZ and JONES, Circuit Judges.

CLARK, Chief Judge:

Gary Dukes and Thomas Barber appeal the district court's summary judgment in favor of South Carolina Insurance Company. Dukes and Barber contend that a state court judgment was res judicata on South Carolina's summary judgment motion. They also contend that a genuine issue of material fact remained, making summary judgment inappropriate. Rejecting both contentions, we affirm.

### Uncontested Facts

Dukes and Barber, doing business as D & B Dozer Service, purchased indemnity insurance for a 1971 tractor from South Carolina Insurance Company. The tractor was later destroyed by fire. Dukes and Barber sought to collect the proceeds of the policy, but South Carolina denied their claim. Dukes and Barber then filed suit against South Carolina in a Mississippi state court. They sought recovery for damage to the tractor, plus punitive damages for South Carolina's bad faith handling of the claim.

South Carolina filed a removal petition and bond with the United States District Court clerk on November 5, 1982. South Carolina notified Dukes and Barber of the removal, and maintains that a copy of the removal petition was sent to the state court clerk. For some reason, however, the state court record did not reflect the receipt of a copy of the petition. South Carolina, unaware of this defect in the removal procedure, answered the complaint in the federal

court, and both parties participated in pretrial discovery in the federal forum.

On July 6, 1983, South Carolina served a request for admissions on Dukes and Barber. On January 5, 1984, Dukes and Barber still had not responded to the request. South Carolina moved for summary judgment, regarding its requests as admitted. On January 30, Dukes and Barber filed a response to the request for admissions. South Carolina moved to strike the response as untimely. On July 20, 1984, Dukes and Barber took a default judgment in the state court without notice to counsel for South Carolina. The summary judgment record does not disclose whether in securing the default judgment counsel for Dukes and Barber advised the state court that the case had been removed to federal court and that they had been proceeding before that court for more than one year. On August 16, the federal district court, 590 F.Supp. 1166, which was not advised of the state court default, granted South Carolina's motion to strike and motion for summary judgment. Dukes and Barber then notified the federal court and counsel for South Carolina of the state court judgment, and filed a motion to reconsider in the federal court. The federal court denied the motion, and Dukes and Barber appealed.

### Jurisdiction of State Court

Dukes and Barber contend that South Carolina's failure to file a copy of the removal petition with the state court clerk resulted in the state court retaining concurrent jurisdiction with the federal court. Because counsel for South Carolina did not take steps to assure that they had complied with the letter of 28 U.S.C. § 1446(e), Dukes and Barber argue that the state court retained authority to issue a default judgment which the federal court is bound to recognize. We disagree.

Dukes and Barber correctly state that the procedure for removal of an action to a federal court is governed by 28 U.S.C. § 1446, and that section 1446(e) requires the defendant to give prompt written notice of the removal to all adverse parties and to file a copy of the petition with the state court clerk. The summary judgment record does not establish that such a copy was ever actually filed on the docket of the state court. The failure of South Carolina to ensure that the clerk of the state court had actually received a copy of the petition for filing is partially responsible for the present jurisdictional confusion. If Dukes and Barber had objected, South Carolina could have corrected its defective removal by filing the petition with the state clerk or by explaining its failure to that court.

In *Medrano v. Texas,* 580 F.2d 803 (5th Cir.1978), we held that the state court retains jurisdiction until the state court receives actual or constructive notice of the removal. Constructive notice in this case was accomplished by notice to counsel for Dukes and Barber and by their subsequent participation in the state court action. In the absence of proof that they failed in their duty as officers of the court to advise the state court of the removal before seeking a default judgment in that forum, we presume that they properly discharged their duty to the state court and advised the court of the removal and of their participation in the conduct of the federal litigation during the previous year. *Cf. United States ex rel. Echevarria v. Silberglitt,* 441 F.2d 225, 227 (2d Cir.1971) (handing petition to the state court judge is sufficient compliance with the filing requirement).

### Waiver of Objection to Jurisdiction of Federal Court

Failure to file a copy of the removal petition with the state court clerk is a procedural defect, and does not defeat the federal court's jurisdiction. *Adair Pipeline Co. v. Pipeliners Local Union No. 798,* 203 F.Supp. 434 (S.D.Tex.1962), *aff'd,* 325 F.2d 206 (5th Cir.1963); *see also Covington v. Indemnity Insurance Co.,* 251 F.2d 930, 933 (5th Cir.1958) (citing *Mackay v. Uinta Development Co.,* 229 U.S. 173, 33 S.Ct. 638, 57 L.Ed. 1138 (1913)), *cert. denied,* 357 U.S. 921, 78 S.Ct. 1362, 2 L.Ed.2d 1365 (1958); Wright, Miller

& Cooper, *Federal Practice and Procedure* § 3736, at 548 (1985). In addition to supplying constructive notice to the state court, Dukes and Barber could and did waive any objection to the procedural defect in South Carolina's removal by failing to make a timely objection in the federal forum. *See Mackay*, 229 U.S. at 176, 33 S.Ct. at 639; *Petty v. Ideco*, 761 F.2d 1146, 1148 n. 1 (5th Cir.1985); *see also* Wright, Miller & Cooper, §§ 3721, 3736, at 227–28, 548–49. This knowing failure to object to the removal prevents the assertion by Dukes and Barber of the technical defect in the removal process as a matter which deprived the federal court of jurisdiction to adjudicate the action.

Dukes and Barber received notice of the removal and participated in the federal court litigation. They responded to interrogatories and attended a status conference before the federal magistrate. They took a default judgment in the state court while simultaneously participating in the federal forum. They failed to notify the federal court of South Carolina's removal defect until nearly two years after the removal, and did not inform the federal court of the state court judgment until after the federal court had reached a judgment on the merits.

Although we decline to presume that Dukes and Barber attempted to mislead the state and federal courts to gain unfair advantage over South Carolina by proceeding surreptitiously in the state court, the record is clear that South Carolina did rely on the participation of Dukes and Barber in the federal forum, and had no reason to know that the state court litigation continued to exist. By failing to make a timely objection to the removal, Dukes and Barber waived their right, if any they ever had, to insist that the federal court was bound to defer to the state court's jurisdiction in the adjudication of their rights. *See Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 703, 92 S.Ct. 1344, 1348, 31 L.Ed.2d 612 (1972) (quoting *Mackay*, 229 U.S. at 176–77, 33 S.Ct. at 639); *Petty*, 761 F.2d at 1148 n. 1; *Parks v. Montgomery Ward & Co.*, 198 F.2d 772, 773–74 (10th Cir.1952).

*Cf. Murray v. Ford Motor Co.*, 770 F.2d 461 (5th Cir.1985) (state court default judgment set aside by federal court under Rule 60(b))

## The Merits

When Dukes and Barber sought to collect the proceeds of the insurance policy, South Carolina denied their claim because the tractor listed in the policy as a 1971 model was actually manufactured in 1965. South Carolina's clearly defined insurance guidelines state that South Carolina will not insure tractors manufactured twelve years or more before the date of insurance. Because South Carolina issued the policy in 1982, the tractor was seventeen years old at the time of insurance. Dukes and Barber contend that summary judgment in favor of South Carolina was inappropriate because they did not misrepresent the age of the tractor, the misrepresentation was not material, and they did not intend to deceive South Carolina. Dukes and Barber maintain that these contentions created genuine issues of material fact. We disagree.

In a request for admissions, South Carolina asked Dukes and Barber to admit that the tractor was manufactured in 1965 and that they had represented the tractor as a 1971 model. Although they now deny that they represented the tractor as a 1971 model, their failure to make a timely response negates their denial. Their failure also admits that the tractor was actually a 1965 model, a fact confirmed by their untimely response to South Carolina's request for admissions. Federal Rule of Civil Procedure 36(a) states that a matter is admitted unless the party to whom the request is directed responds within thirty days. Dukes and Barber did not respond for more than six months.

Dukes and Barber argued that South Carolina's request for admissions was filed outside the discovery period, and that South Carolina was not prejudiced by the failure to make a timely response. The district court correctly rejected those argu-

ments. The control of discovery is committed to the sound discretion of the trial court. That court found that Dukes and Barber had been evasive and dilatory throughout the litigation. At no time did they offer any reason for failing to respond within the thirty-day period. The district court did not abuse its discretion in granting South Carolina's motion to strike the untimely response. According to Federal Rule of Civil Procedure 36(b), any matter admitted under rule 36(a) is conclusively established. Once the motion for admission established that Dukes and Barber had misrepresented the age of the tractor, no genuine issue remained as to this fact.

South Carolina also offered summary judgment evidence in the form of affidavits which asserted that Dukes and Barber misrepresented the age of the tractor and that South Carolina would not have insured the tractor if the actual age had been disclosed. Dukes and Barber offered no contrary affidavits or other competent summary judgment proof to contradict South Carolina's assertions. Although Dukes and Barber advance their opinion that the misrepresentation was not material, South Carolina's proof that it refused to insure tractors more than twelve years old is uncontroverted. Because the summary judgment record establishes that South Carolina would not have insured a seventeen-year-old tractor, the misrepresentation is necessarily material.

■ We also reject the argument that South Carolina had to show that Dukes and Barber intended to misrepresent the age of the tractor. In *Fidelity Mutual Life Insurance Co. v. Miazza*, 93 Miss. 18, 46 So. 817 (1908), the Mississippi Supreme Court unequivocally stated that the intent of the insured is irrelevant. The sole consideration is whether there has in fact been a material misrepresentation of fact. *Id.* at 39–40, 46 So. at 819. Subsequent decisions of the supreme court have adhered to this rule. *See, e.g., Colonial Life & Accident Insurance Co. v. Cook*, 374 So.2d 1288, 1291–92 (Miss.1979); *Prudential Insurance Co. v. Estate of Russell*, 274 So.2d

113, 116 (Miss.1973). Once South Carolina established that Dukes and Barber misrepresented the material fact of the tractor's age, therefore, summary judgment in favor of South Carolina was appropriate.

### Conclusion

Having imparted constructive notice of removal to the state court and participated in the federal litigation following South Carolina's removal, Dukes and Barber corrected the claimed defect of South Carolina's failure to file a copy of the petition with the state court clerk and waived any right to assert the technical defect as a bar to federal court jurisdiction. When Dukes and Barber failed to file a timely response to South Carolina's request for admissions, no genuine issue of material fact remained and summary judgment was appropriate. Accordingly, the judgment of the district court is

AFFIRMED.