Burkie F. **WALKER**

v.

**SOUTHERN HOLDINGS, INC.,**
**and Hawco Manufacturing**
**Co., L.L.C.**

Civil Action No. 95–395–A.

United States District Court,
M.D. Louisiana.

July 25, 1996.

James Conner Percy, Percy, Pujol, O'Brien & Wiley, Baton Rouge, Louisiana, for Plaintiffs.

Timothy H. Scott, Michael Stuart Mitchell, Michelle C. Hamilton, Fisher & Phillips, New Orleans, Louisiana, for Defendants.

## RULING ON MOTION FOR SUMMARY JUDGMENT

JOHN V. PARKER, Chief Judge.

This matter is before the court on defendants' motion for summary judgment. Plaintiff has filed an opposition and defendants have filed a response to plaintiff's opposition. Oral argument is not necessary. Jurisdiction is based on 28 U.S.C. § 1331.

Plaintiff alleges age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. (ADEA). Defendants now move for summary judgment, claiming that plaintiff cannot make out a prima facie case of age discrimination and alternatively, that he cannot produce evidence to rebut the legitimate, nondiscriminatory reasons offered by defendants for plaintiff's termination.

## UNDISPUTED FACTS

Defendant Hawco Mfg. Co., L.L.C. is an affiliate of defendant Southern Holdings, Inc., and operates a steel fabrication plant where it manufactures industrial buckets and grapples. In 1994, Peter Prinz, who was 52 years old, was Hawco's general manager and was in charge of all of its operations. Winnie Bush, age 44 at the time, was employed by Hawco as "Group Controller". The Chief Financial Officer for Southern Holdings was J.D. Demarest who was also 44 at the time.

In 1994, Hawco, through Prinz, Bush, and Demarest, hired plaintiff, then 52 years old, as the Controller of the Slaughter facility. As Controller, plaintiff was expected to prepare all of the facility's financial reports, supervise the accounting staff, coordinate the yearly budget, and assist company executives in making financial decisions. Plaintiff reported to both Bush and Prinz while working at Hawco.

Plaintiff was terminated after only four months with Hawco. The decision to terminate plaintiff was made by Prinz and Bush and was approved by Demarest. Following his termination, plaintiff filed a charge with the EEOC, alleging that he was terminated because of age discrimination. After waiting 60 days with no response from the EEOC, plaintiff brought the present lawsuit.

## DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case.[2] After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial.

█ The ADEA makes it unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."[3] As the jurisprudence has repeatedly noted, the ADEA does not restrict an employer's authority to discharge an employee for no reason, for a good reason or even for a wrong reason. See, e.g. *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181 (11th Cir.1984). The statute prohibits only employment decisions based upon age. Thus, the issue here is not whether the employer was justified in discharging plaintiff but whether plaintiff's age was a motivating factor in that decision.

█ To state a claim under the ADEA, plaintiff must present a prima facie case of employment discrimination. Plaintiff must satisfy four elements to state a prima facie case: (1) plaintiff was discharged; (2) plaintiff was qualified for his position; (3) plaintiff was within the protected class; and (4) plaintiff was replaced by someone outside the protected class, someone younger, or was otherwise discharged because of his age.[4]

█ Where plaintiff presents a prima facie case, the employer must rebut the presumption of age discrimination by articulating a legitimate non-discriminatory reason for the adverse employment action.[5] If the employer states a non-discriminatory reason for the discharge, the burden shifts back to the plaintiff to show that the employer's stated reason was pretextual.[6] For purposes of this motion, the court will assume that plaintiff has set out a prima facie case. Thus, the burden shifts to defendants to state a legitimate non-discriminatory reason for his discharge.

█ Defendants claim that plaintiff was terminated because he was not adequately performing his job in the eyes of his supervisors. Defendants have presented evidence that plaintiff made basic errors in the preparation of Hawco's monthly financial reports, that he was unable to correct a problem concerning the recordation and valuation of Hawco's inventory, that he did not properly apply to the state for a sales tax credit for a certain piece of machinery on behalf of Hawco, and that he did not properly supervise his staff.

█ Although he disputes the evidence presented by defendants to support their decision to terminate him, in order to avoid summary judgment, plaintiff must carry the burden of production and show that there is evidence that the non-discriminatory reason for his termination is pretextual, i.e., that the real reason for discharge was plaintiff's age. In order to do this, plaintiff must overcome the "same actor" inference which has now been approved by the Fifth Circuit and sets the balance in favor of the defendants. The "same actor" inference arises where a plaintiff was terminated by the same person or persons who hired him and creates an assumption that age discrimination was not the motive behind the termination. As recognized by the Fifth Circuit in *Brown*,[7] the Fourth Circuit best enunciated the rationale

1. Fed.R.Civ.Pro. 56(c).

2. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

3. 29 U.S.C. § 623(a)(1).

4. *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 654 (5th Cir.1996).

5. *Brown*, 82 F.3d at 654, citing *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981).

6. *Brown*, 82 F.3d at 654, citing *Bodenheimer v. PPG Industries, Inc.*, 5 F.3d 955, 957–58 (5th Cir.1993).

7. 82 F.3d at 658.

for this inference in *Proud v. Stone*,[8] saying that:

'[c]laims that employer animus exists in termination but not in hiring seem irrational.' From the standpoint of the putative discriminator, '[i]t hardly makes sense to hire workers from a group one dislikes (thereby incurring the psychological costs of associating with them), only to fire them once they are on the job.'[9]

As noted, this "same actor" inference was recently recognized and adopted by the Fifth Circuit in *Brown v. CSC Logic, Inc.*[10] Applying that "same actor" inference to the undisputed facts that Prinz, Bush and Demarest hired plaintiff at age 52 and then discharged him four months later, an inference arises that plaintiff's discharge was not motivated by plaintiff's age. The fact that Prinz, Bush, and Demarest were also members of the protected class, "only enhances the inference".[11]

Plaintiff makes a point to show that the enumerated examples of plaintiff's poor performance discussed above were first set out only as a response to plaintiff's interrogatories. Plaintiff argues that these reasons were all manufactured after plaintiff was fired and are pretextual. However, plaintiff seems to overlook the fact that these are only examples of the single reason given for plaintiff's termination—his incompetence. While plaintiff has produced some evidence that not all of the examples of poor performance were known to all of the parties who took part in the decision to fire plaintiff before they made that decision, plaintiff has not produced any evidence to show that these events did not happen or that they were fabricated and are pretextual, or more importantly, that plaintiff's age was a factor in the decision to fire him. While it is certainly possible for a plaintiff to overcome the "same actor inference," the court finds that plaintiff has not done so in this case; he has failed to present the court with any evidence which shows that

defendants' stated reason for discharging him was pretextual.

## CONCLUSION

Plaintiff has failed to overcome the "same actor" inference, created by the fact that he was terminated by the same people who hired him only four months after his hiring and has failed to produce any evidence which would show that the non-discriminatory reason offered by defendants as the reason for plaintiff's termination is merely pretextual.

Accordingly, defendants' motion for summary judgment is hereby GRANTED and this action will be dismissed.

---

8. 945 F.2d 796, 797 (4th Cir.1991).

9. *Proud*, 945 F.2d at 797, citing Donohue & Siegelman, The Changing Nature of Employment Discrimination Litigation, 43 Stan.L.Rev. 983, 1017 (1991).

10. 82 F.3d at 658.

11. *Brown*, 82 F.3d at 658. There the same person hired plaintiff and then dismissed him four years, not four months, later.