Ivy WALLACE, Plaintiff,

v.

BEST WESTERN NORTHEAST,
Defendant.

CIV.A. No. 3:97–CV–28WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 15, 1998.

Jimmie D. Marshall, Christine F. Kelly, Sumrall & Marshall, Jackson, MS, for Ivy Wallace, plaintiff.

Rachael Hetherington Lenoir, Bellsouth Telecommunications, Jackson, MS, for Best Western NE, defendant.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is the motion of the defendant, Best Western Northeast, for summary judgment under Rule 56(b),[1] Federal Rules of Civil Procedure. Defendant contends that it is entitled to judgment as a matter of law because this case features no genuine issues of material fact to be decided under the applicable law, which, says defendant, is entirely favorable to it. Plaintiff, Ivy Wallace, whose complaint urges his claim of age discrimination under the Age Discrimination in Employment Act (ADEA), Title 29 U.S.C. § 623, *et seq.*, opposes the defendant's motion. Nevertheless, persuaded by certain requests for admissions made binding on plaintiff for his failure to answer under Rule 36(a),[2] Federal Rules of Civil Procedure, this court agrees with the defendant that the established facts and the applicable law combine to warrant judgment for defendant as a matter of law.

### Facts

In his lawsuit, plaintiff, Ivy Wallace, alleges that Coach House, doing business as Best Western Northeast, discharged him on January 2, 1996, because of his age and in violation of the Age Discrimination in Employment Act (ADEA), found at Title 29 U.S.C. § 623, *et seq.* Plaintiff says "that he was terminated because of his age, 62 years, so that defendant could hire less qualified employees at a lesser wage, even though they were not nearly as qualified as plaintiff to perform the work." Complaint at ¶ IV.

This court has jurisdiction over this dispute pursuant to Title 28 U.S.C. § 1331,[3] inasmuch as plaintiff has alleged a federal cause of action.

### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment carries the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has met its initial burden, the non-moving party must then set forth specific facts showing that there is a genuine issue for trial. *Hanks v. Transcontinental Gas Pipe Line Corp.,* 953 F.2d 996, 997 (5th Cir.1992). That burden is not discharged by "mere allegations or denials." Fed.R.Civ.P. 56(e). To the contrary, summary judgment is mandated after adequate discovery and upon proper motion against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

### Elements of an Age Discrimination Claim

The ADEA provides that "it shall be unlawful for an employer . . . to discharge any individual . . . because of such individual's age." Title 29 U.S.C. § 623(a)(1). Solely prohibiting age discrimination, the Act does not protect employees discharged for other reasons. Thus, the ADEA does not prohibit an employer from discharging an employee for a good reason, no reason or even a wrongful reason, so long as the governing reason is not rooted in age discrimination. *Walker v. Southern Holdings, Inc.,* 934

---

1. Fed.R.Civ.P. 56(b) provides that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

2. Fed.R.Civ.P. 36(a) states in pertinent part that "[a] party may serve upon any other party a written request for the admission . . . of the truth of any matters. . . . Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter."

3. Title 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

F.Supp. 197, 199 (M.D.La.1996). The statute applies to individuals who have attained the age of forty or older. Title 29 U.S.C. § 623(a)(1).

■ In order to recover under the ADEA, a plaintiff must first establish a prima facie case of age discrimination. To do so, the plaintiff must present evidence to show that: (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and either (4)(a) he was replaced by someone outside the protected class, or (b) he was replaced by someone younger, or (c) he was otherwise discharged because of his age. *Fields v. J.C. Penney Co., Inc.*, 968 F.2d 533, 536 (5th Cir.1992) (*citing Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1504–05 (5th Cir.1988)); *Bodenheimer v. PPG Industries, Inc.*, 5 F.3d 955, 957 (5th Cir.1993). "If the plaintiff meets these requirements, a presumption of discrimination arises which the defendant must then rebut by articulating a legitimate, nondiscriminatory reason for the discharge." *Bodenheimer*, 5 F.3d at 957 (*citing Olitsky v. Spencer Gifts, Inc.*, 964 F.2d 1471, 1478 n. 19 (5th Cir. 1992)). However, "[t]he burden of production does not shift to the defendant until evidence sufficient to prove a prima facie case of discrimination has been presented." *Bohrer v. Hanes Corp.*, 715 F.2d 213, 218 (5th Cir.1983).

### Analysis of Plaintiff's ADEA Claim

Defendant contends that plaintiff has failed to meet two of the requirements for a prima facie case of age discrimination. Defendant claims that plaintiff cannot make out a prima facie case because he (1) cannot show he was qualified for the position of which he alleges he was deprived; and (2) cannot show that he was replaced by someone outside the protected class who was younger or discharged because of his age. In disposing of the motion, the court only finds it necessary to address the defendant's contention that plaintiff was not qualified for the position for which he claims he was deprived.

Defendant alleges that plaintiff engaged in conduct constituting grounds for immediate termination—specifically, that plaintiff, after being warned not to do so, punched the time card of his stepson rather than his own in order to conceal portions of his income from the Social Security Administration. Plaintiff has denied this allegation and, ordinarily, that might be enough allowing plaintiff to survive the summary judgment stage.

In this case, however, defendant served plaintiff with requests for admissions on March 18, 1997. The requests stated as follows:

1. During his employment with Coach House, Mr. Wallace asked Coach House for permission to punch the time card of his stepson, Gerald Jones, Sr., instead of his own because he wanted to maximize his entitlement to Social Security benefits.

2. Coach House never gave Mr. Wallace permission to punch his stepson's time card.

3. During his employment with Coach House, Mr. Wallace punched his stepson's time card.

4. It is a violation of Coach House's policy for an employee to punch another employee's time card.

5. A violation of Coach House's policy against punching another employee's time card constitutes grounds for immediate termination.

6. On December 19, 1995, Mr. Wallace punched his stepson's time card instead of his own, as shown in Exhibit A, which is a true and correct copy of the time cards of both Mr. Wallace and his stepson, Gerald Jones, Sr., for the pay period ending on December 19, 1995. (Request for Admissions, Ex. A, Exhibit 1).

7. Mr. Wallace's stepson did not work for Coach House on December 19, 1995.

8. During his employment with Coach House, Mr. Wallace punched both his time card and his stepson's time card when his stepson was not working for Coach House on that date.

(Defendant's Requests for Admissions).

■ Under Rule 36(a),[4] a party served with requests for admissions has thirty (30)

---

4. *See* footnote 2.

days in which to respond. One failing to abide by the time requirement incurs the risk that the court may deem the requests admitted. *American Automobile Ass'n. v. AAA Legal Clinic,* 930 F.2d 1117, 1120 (5th Cir.1991). Rule 36(b)' states that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed.R.Civ.P. 36(b). "In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party." *Id.* (*citing Advisory Committee's Note,* 48 F.R.D. 487, 534 (1970)). The fact that the admission is conclusively established "applies equally to those admissions made affirmatively and those established by default, even if the matters admitted relate to material facts that defeat a party's claim." *American Automobile Ass'n.,* 930 F.2d at 1120.

■ In *Dukes v. South Carolina Ins. Co.,* 770 F.2d 545, 549 (5th Cir.1985), the Fifth Circuit held that the defendant's requests for admissions were conclusively established by default when the plaintiffs failed to respond within the 30–day period and gave no reason for said failure. The circumstances in *Dukes* were as follows. The plaintiffs, insureds, brought a state court action against the defendant, insurer, alleging that the defendant had wrongfully refused to pay the plaintiffs' claims under an insurance policy on a tractor which had been destroyed by fire. *Id.* at 546. Once the defendant removed the lawsuit from state court to federal court, the defendant served upon the plaintiffs requests for admissions, including a request for an admission that the plaintiffs had materially misrepresented the age of the tractor. *Id.* at 547–48. The plaintiffs failed to respond in any manner to such requests until over six months after being served. *Id.*

The Fifth Circuit affirmed the trial court's holding that the plaintiffs' failure to respond within the 30 day period provided by Rule 36(a) conclusively established that the plaintiffs had misrepresented the age of the tractor, and no genuine issue of fact remained. *Id.* at 549. Furthermore, the Fifth Circuit held that the trial court had not abused its

discretion in granting the defendant's motion to strike the plaintiffs' untimely response; therefore, summary judgment was appropriate. *Id.*

The plaintiff here, much like the plaintiffs in *Dukes,* filed his response late. On March 18, 1997, defendant served the requests for admissions on plaintiff's counsel. The responses were due by April 17, 1997. Plaintiff filed his responses on May 9, 1997, twenty-two days after the expiration of the thirty-day period provided by Rule 36. On May 14, 1997, defendant then moved to strike plaintiff's responses. Plaintiff filed no response to the motion. On December 10, 1997, plaintiff still had not responded when Magistrate Judge James C. Sumner granted defendant's motion to strike. In granting the motion, the Magistrate Judge, in his December 10, 1997, order stated:

> Thus, these admissions were deemed admitted pursuant to Rule 36 by Plaintiff's failure to respond within the required time period. Plaintiff has never sought relief from her (sic) failure to respond within the time allowed. Furthermore, Plaintiff has failed to respond to the present motion. Accordingly, the court concludes that Defendant's motion should be granted.

On January 7, 1998, plaintiff filed a motion asking the court to reconsider its order striking plaintiff's responses. The motion was filed to this district court. This motion to reconsider, filed pursuant to Rule 72(a) of the Federal Rules of Civil Procedure as an objection to the Magistrate Judge's decision on a non-dispositive motion, should have been filed with the district court "within ten days of being served with the Magistrate Judge's order." As stated earlier, plaintiff did not file his motion to reconsider until January 7, 1998, that is, twenty-eight days after entry by the Magistrate Judge of his order granting defendant's motion to strike.

In his response to defendant's motion for summary judgment, which is the present motion before the court, plaintiff's counsel sought to explain his tardiness in responding to defendant's requests for admissions. He states in his response that defense counsel knew that he would file his response to the requests for admissions late because he

(plaintiff's counsel) had made an oral request to defense counsel for an extension of time in which to respond to discovery. While defense counsel agreed to allow plaintiff additional time to respond to interrogatories and requests for production, counsel for plaintiff says that defense counsel refused to allow any additional time for him to respond to the requests for admissions. But, says plaintiff's counsel, this verbal exchange shows that defense counsel was aware that plaintiff would respond late to the request for admissions. Further, says plaintiff's counsel, he "never filed a response to the motion to strike, believing at all times that the motion would be brought up for hearing."

This court concludes that, like the plaintiffs in *Dukes,* plaintiff Wallace has been dilatory throughout the litigation. Plaintiff admits that he failed to respond to the defendant's requests for admissions in a timely manner. He admits that he failed to respond to defendant's motion to strike plaintiff's responses to requests for admissions. The Magistrate Judge granted defendant's motion to strike seven months after it was filed, on December 10, 1997. So, plaintiff had ample opportunity to respond to the motion to strike before the Magistrate Judge ruled on the motion, but failed to do so. Then, after the Magistrate Judge granted defendant's motion to strike, the plaintiff, again dilatory, completely missed the deadline for challenging the Magistrate Judge's ruling before this court.

Plaintiff seeks relief from the Magistrate Judge's decision on the sole ground that he mistakenly believed that the motion would be brought up for hearing. In other words, plaintiff admits that he never intended to file a written response to defendant's motion to strike and ignored the dictates of this court's Local Rule 8(f). Local Rule 8(f) of this court specifically provides that "all motions shall be decided by the court without a hearing or oral argument unless otherwise ordered by the court on its own motion, or, in its discre-

tion, upon written request made by counsel in an easily discernable manner on the face of the motion or response."

Moreover, after defendant filed its motion to strike and before the Magistrate Judge ruled on the motion on December 10, 1997, defendant, on November 17, 1997, filed the motion for summary judgment which is now at issue before the court. On page 3 of its brief, defendant discussed at length plaintiff's failure to respond to its motion to strike, stating:

As of this date, Mr. Wallace has not sought relief from this court to withdraw or amend his previous admissions. Indeed, as of this date, Mr. Wallace has not responded to Coach House's Motion to Strike his untimely responses to the Requests for Admissions and thus has not offered any reason for his failure to respond within the thirty-day period. Coach House filed its Motion to Strike five months ago on May 14, 1997, and the Motion is still pending before this Court at this time. Mr. Wallace has thus had ample opportunity to seek relief from this Court either by filing his own motion or by responding to Coach House's Motion to Strike but has not sought fit to do so, even though the discovery period in this case expired on November 3, 1997.

Further, in its motion for summary judgment, presently before the court, defendant heavily relies on plaintiff's admissions by default. Seemingly, upon a reading of defendant's motion for summary judgment, plaintiff should have surmised that unless his admissions were set aside, this court would have before it unchallenged facts which were certainly sufficient to warrant a grant of summary judgment to the defendant. Yet, although put on notice of this dire possibility, plaintiff still chose not to respond to defendant's motion to strike, nor file a motion under Rule 36(b),[5] asking this court to allow him to withdraw or amend the admission.

5. Rule 36(b) of the Federal Rules of Civil Procedure provides:
    (b) Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule

16 government amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amend-

On December 1, 1997, the parties submitted a Joint Case Status Report which identified defendant's motion to strike as a motion still pending before the court. Again, plaintiff should have heard alarm bells, but either did not, or did so and did not care.

Clearly, by the Joint Case Status Report, by defendant's motion for summary judgment, and by defendant's motion to strike plaintiff's late answers to defendant's requests for admissions, plaintiff had more than sufficient notice of the pendency of this matter, the urgency of a response and the severe impact his failure to respond could occasion.

On December 2, 1997, plaintiff's counsel sought an extension of time to respond to defendant's motion for summary judgment, although defendant had not scheduled the motion for hearing. Apparently, plaintiff's counsel understood at this time his obligation to file a written response to a motion.

Therefore, pursuant to Rule 36(b), Federal Rules of Civil Procedure, this court finds that plaintiff has not come forth with any good reason for his failure to respond to defendant's requests for admissions and that the admissions of the plaintiff, although determined by default, are now conclusively established. In so holding, the court finds that there now are no genuine issues of material fact in dispute, and the court may rule as a matter of law.

### Holding

The court determines that plaintiff cannot make a prima facie showing of a claim for age discrimination because he cannot meet the element requiring that he establish that he was qualified for the position at issue, since he has admitted to conduct justifying

immediate termination. By defaulting in answering defendant's requests for admissions, plaintiff has admitted that defendant had in place a policy against punching another employee's time card; that he (plaintiff) punched his stepson's time card instead of his own; and that this violation constituted grounds under defendant's policy for plaintiff's immediate termination. The plaintiff's admissions, by default, of punching another's time card conclusively establish that he was guilty of conduct warranting his termination. With the evidence in this posture, plaintiff cannot now show that he was qualified to keep the job from which he was terminated. Accordingly, since plaintiff is unable to establish a prima facie case on the key element of his ADEA claim, this court hereby grants defendant's motion for summary judgment. The court will enter a separate judgment in accordance with the Local Rules.

ment will prejudice that party in maintaining the action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.
Favoring resolution of cases on their merits, the Rule makes provisions for withdrawal or amendment of an admission in appropriate cases. *See American Auto. Ass'n v. AAA Legal Clinic*, 930 F.2d 1117, 1119 (5th Cir.1991) ("[W]hile the district court has considerable discretion over

whether to permit withdrawal or amendment of admissions, that discretion must be exercised within the bounds of this two-part test: 1) the presentation of the merits must be subserved by allowing withdrawal or amendment; and 2) the party that obtained the admissions must not be prejudiced in its presentation of the case by their withdrawal.") (citations omitted); *Reyes v. Vantage Steamship Co., Inc.*, 672 F.2d 556, 557 (5th Cir.1982) (holding withdrawal of plaintiff's admission appropriate where admission was based on faulty assumption).