United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-60069

RUSSELL KEITH HILL

             Plaintiff - Appellant

v.

MARVIN E. BREAZEALE; CATHY TATUM, Jail Administrator for Lamar
County

             Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi, Hattiesburg
USDC No. 2:02-CV-21

Before KING, GARWOOD, and JOLLY, Circuit Judges.

PER CURIAM:[*]

       Plaintiff-appellant, Russell K. Hill, appeals the district

court's dismissal of his 42 U.S.C. § 1983 claim, arguing that:

(1) the district court lacked jurisdiction over the case, (2) the

district court erred in denying his motion for recusal, and (3)

the summary judgment dismissal of his lawsuit was error.  For the

following reasons, we AFFIRM the district court's judgment.

-------------------

       [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Russell K. Hill filed a 42 U.S.C. § 1983 lawsuit against Lamar County, Mississippi, Sheriff Marvin Breazeale, and Jail Administrator Cathy Tatum (collectively, "the defendants"), asserting that the defendants violated his constitutional rights by providing him with inadequate medical care, subjecting him to inhumane conditions of confinement, and denying him access to the courts.

From September 2000 until January 2001, Hill was an inmate at the Lamar County Jail. Hill's complaint asserted he had a pre-existing abscess when he was placed at the jail. Hill requested a doctor. According to Hill's testimony, after an examination, the doctor told him the abscess had worsened, gave him antibiotics, and informed him he should see a specialist.

Hill alleges that although the defendants said they had made an appointment for him to see a specialist, no appointment was actually made and the delay in medical care caused him injury. Hill took the antibiotics for six months, but saw no improvement in his condition. After Hill bonded out of jail, he saw a doctor. When Hill returned to the Lamar County Jail in March 2001, a specialist examined him and concluded Hill had an inflammation caused by excessive antibiotics.

The parties consented to proceed before a magistrate judge, 28 U.S.C. § 636(c), and the case was assigned to then Magistrate

Judge Louis J. Guirola.  Following a screening hearing[1] on July 29, 2002, Magistrate Judge Guirola dismissed the conditions of confinement and denial of access claims as frivolous.  Because the facts alleged by Hill were sufficient to state a claim for inadequate medical care, Magistrate Judge Guirola ordered that process be issued and on June 24, 2002, the defendants were served.  After the defendants answered the lawsuit, Judge Guirola became a district judge.  After Judge Guirola was sworn in, according to docket entries, Hill's case was reassigned twice, once to District Judge Dan Russell, and then to District Judge Guirola.

On July 9, 2004, the defendants served Hill with their first set of interrogatories, requests for production, and requests for admissions.  Hill did not respond.  On August 25, 2004, the defendants filed a motion to compel responses to their interrogatories and requests for production.  Hill also failed to respond to the motion to compel.  Then, on August 31, 2004, the defendants moved for summary judgment on the ground that the requests for admission were deemed admitted when Hill did not respond within 30 days and that the deemed admissions left no material factual dispute for trial.

The district court issued a show-cause order on September 21, 2004, giving Hill ten days to show good cause for his failure

---

[1]     Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

to respond to the defendants' motions to compel discovery and for summary judgment.  The next day, September 22, Hill filed a "motion to show cause," questioning why his case had not been reassigned to a magistrate judge under § 636(c) and arguing that the failure to reassign the case to a magistrate judge violated his due process rights.

On October 6, 2004, Hill responded to the district court's show-cause order, asserting: (1) he had complied with the court's pretrial order by submitting his voluntary pretrial discovery disclosures on July 20, 2004; (2) he had attempted to file answers to the requests for admissions with the court on September 7, 2004, but his filing had been returned to him by the clerk of the court; and (3) he had not responded to the summary judgment motion "because, I have better things to do than to respond to lame, frivilous [sic] documents, generated for the sole purpose of harassment."  Hill attached to his response a copy of his answers to the requests for admissions, dated September 1, 2004.  Hill neither specifically admitted nor denied the allegations as instructed, but stated in response to each request for admission only, "no admissions."

The district court dismissed Hill's complaint on October 12, 2004, citing alternate grounds.  The first ground was for failure to prosecute, pursuant to FED. R. CIV. P. 41.  The second ground was that the complaint should be dismissed on summary judgment because the requests for admissions were deemed admitted and no

4

material factual dispute regarding the inadequate medical-care claim remained. The court denied all pending motions, including Hill's September 22 "motion to show cause."

Within ten days, Hill moved for reconsideration, pursuant to FED. R. CIV. P. 59(e), asserting that the dismissal was error because he had responded to the show-cause order on October 6, 2004 and included his response to the requests for admission in that response. After his case was dismissed, Hill also filed a motion for recusal with an attached affidavit, seeking to have Judge Guirola recused on the ground of bias against Hill.

On October 27, 2004, the district court denied the recusal motion as moot because the case had already been dismissed. It later granted the motion for reconsideration in part, vacating its prior dismissal on Rule 41, failure to prosecute grounds, but denying the motion in part and granting summary judgment based on Hill's failure to timely respond to the requests for admission. Hill filed a timely notice of appeal.

## II. DISCUSSION

### A.   Jurisdiction

Hill argues that the district court lacked jurisdiction over his case because he had consented to proceed before a magistrate judge, not a district court judge. He contends that after Judge Guirola became a district court judge, his case should have been reassigned to a different magistrate judge rather than assigned

5

to Judge Guirola as part of his district court docket, and that the failure to do so violated his due process rights, the Federal Rules of Civil Procedure, and 28 U.S.C. § 636. Additionally, Hill argues he lost the right to appeal to a district court because a district court judge issued the order granting final judgment.

Taking the latter argument first, under 28 U.S.C. § 636(c)(1) and Rule 73(b) of the Federal Rules of Civil Procedure, upon the consent of the parties, a magistrate judge may exercise jurisdiction over all proceedings in the case. Once consent is obtained, the magistrate assumes the duties of the district court judge. A final judgment issued by a magistrate judge pursuant to 28 U.S.C. § 636 is appealable directly to the appropriate circuit court of appeals, not (as Hill seems to think) a district court judge. 28 U.S.C. § 636(c)(3); FED. R. CIV. P. 73(c). Hill's assertion that he was deprived of an appeal to a district court judge is without merit.

We turn next to Hill's contention that the failure to reassign the case to a new magistrate judge when Judge Guirola was sworn in as a district court judge deprived the district court of jurisdiction to enter final judgment. We disagree. The parties were properly before the court and the claims adjudicated, which fell under 42 U.S.C. § 1983, were within the subject-matter jurisdiction of the federal district court. The referral statute, 28 U.S.C. § 636(c)(4), specifically permits a

6

district court on its own motion to vacate a reference to a magistrate judge made under 28 U.S.C. § 636(c) when good cause is shown. 28 U.S.C. § 636(c). See also FED. R. CIV. P. 73(b). Under the circumstances, although Judge Guirola would not have been required to vacate the referral, he was certainly permitted to do so. Here, Judge Guirola impliedly and correctly found good cause to vacate the referral on the basis that it would be more efficient for him, being familiar with the specific facts and circumstances of Hill's case, to remain the judge than to assign the case to a new magistrate judge who would lack the same familiarity. A district court need not enter a separate order vacating the referral to a magistrate judge under § 636(c)(4) when the same individual to whom the case was assigned as a magistrate judge is reassigned the case after becoming a district judge; the docket entry sufficed.

**B.   Motion to Recuse**

Hill also argues the district court erred in denying his motion for recusal. A motion for recusal is committed to the sound discretion of the trial judge. United States v. Merkt, 794 F.2d 950, 960 (5th Cir. 1986). We review the denial of a motion for recusal for an abuse of discretion. United States v. MMR Corp., 954 F.2d 1040, 1045 (5th Cir. 1992). If a party believes that the judge assigned to hear his case cannot be impartial, the party may move to disqualify or recuse the judge pursuant to 28

7

U.S.C. § 144 or § 455.

Hill moved for recusal under 28 U.S.C. § 144. Under Section 144, a judge must reassign a case when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. Under § 144 the judge whose impartiality is being questioned must determine the legal sufficiency and timeliness of the affidavit but cannot rule on the substance of the matter alleged. United States v. Miranne, 688 F.2d 980, 984-85 (5th Cir. 1982). A legally sufficient affidavit must "state the facts and the reasons for the belief that bias or prejudice exists" and be timely. 28 U.S.C. § 144. The alleged bias or prejudice must be personal and stem from an extrajudicial source which would result in an opinion on the merits rather than on what the judge learned from his participation in the case. United States v. Merkt, 794 F.2d 950, 960 (5th Cir. 1986).

A timely motion to recuse is one filed "at the earliest moment after knowledge of the facts demonstrating the basis" for the recusal. Travelers Ins. Co. v. Lilieberg Enters., Inc., 38 F.3d 1404, 1410 (5th Cir. 1994). Although there is no per se untimeliness, the "most egregious delay" occurs when a party knows the facts and circumstances that would lead to disqualification of the judge but does not raise the issue of recusal until after the judge makes an adverse decision. United

8

States v. Sanford, 157 F.3d 987, 988 (5th Cir. 1998).

The district court did not abuse its discretion in denying the motion to recuse. Because this is a § 144 motion, Judge Guirola, the judge complained of, could review the affidavit for timeliness and sufficiency. Hill's motion to recuse was not timely. He waited, for no given reason, to raise the issue until after the district court ruled against him. Moreover, the facts stated in the affidavit are not sufficient to support a recusal motion. Id.[2]

## C.    Summary Judgment Dismissal

Hill also argues that the summary judgment dismissal of his lawsuit was error. Summary judgment is reviewed de novo, under the same standards used by the district court to determine whether summary judgment is appropriate. Riverwood Intern Corp. v. Employers Ins. of Wausau, 420 F.3d 378, 382 (5th Cir. 2005). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, "there is no genuine issue of any material fact" and the moving party is "entitled to judgment as a matter of law." Brooks, Tarlton, Gilbert, Douglas & Kressler v. United States, 832 F.2d 1358, 1364; FED. R. CIV. P. 56(c).

---

[2] The defendants also argue that order denying the motion to recuse was valid because the affidavit attached to the motion did not purport to be sworn. Because we held the district court did not abuse its discretion by denying the motion to recuse, we do not need to address this issue.

Once the moving party establishes that there is no genuine issue, the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 321 (1986). The nonmoving party cannot satisfy his summary judgment burden with conclusory statements, speculation, and unsubstantiated assertions. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Rule 36 of the Federal Rules provides that a matter requested through an admission will be deemed admitted unless the party to whom it is directed responds within thirty days after service of the request. FED. R. CIV. P. 36(a). Any matter admitted under Rule 36 is deemed conclusively established unless the court permits withdrawal of the admission. FED. R. CIV. P. 36(b). Further, if the requests for admissions concern an essential issue, the failure to respond to requests for admission can lead to a grant of summary judgment against the non-responding party. Dukes v. South Carolina Insurance Co., 770 F.2d 545, 548-49 (5th Cir. 1985).

The defendants properly served their request for admissions and first set of interrogatories and requests for production of documents on Hill on July 9, 2004. Although Hill asserts in his appeal that he responded to those requests on July 20, 2004, the record does not contain a response to the requests for admissions dated then. The responses by Hill to the requests for admissions

10

included in the recorded is dated September 1, 2004; however, nothing in the record indicates they were received by the defendants prior to October 6, 2004, when Hill filed his motion to show cause.[3]  Because Hill failed to timely respond to the defendants' requests for admissions, the district court correctly concluded that those matters were deemed admitted.  Id.  at 548-49.

Hill argues that his responses to the requests for admission were sufficient to prevent the matters from being deemed admitted because responses of pro se litigants should be liberally construed.  We are not unsympathetic to the plight of a pro se litigant attempting to proceed through the maze of filing requirements and technical rules involved in a civil litigation.  Often, the court will overlook certain technical shortcomings in a pro se litigant's pleadings.  See, e.g., Haines v. Kerner, 404 U.S. 519, 521 (1972) (holding that documents filed by pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers.").  In this case, however, we cannot overlook Hill's blatant disregard for deadlines and the

---

[3]  Hill apparently attempted to file a response to the requests for admissions in the clerk's office in early September 2004 after the defendants' motion for summary judgment was filed. A letter from the clerk's office to Hill on September 7, 2004 directs Hill to send discovery responses to the party requesting discovery.  No evidence suggests that Hill then forwarded his responses to the defendants.

11

Federal Rules.[4]  After a careful review of the record, we determine (as did the district court) that Hill was aware of the importance of deadlines, but deliberately and selectively chose to disregard certain deadlines.  Hill responded timely to the request for pretrial disclosures served the same day as the requests for admissions but did not respond to the requests for admissions.  Hill continued his disregard by refusing to respond to the defendants' motion for summary judgment.

Hill's § 1983 claim is that he was denied medical care while a pretrial detainee.  As a pretrial detainee, Hill's rights flow from the due process clause of the Fourteenth Amendment.  <u>Hare v. City of Corinth, Miss.</u>, 74 F.3d 633, 639 (5th Cir. 1996) (en banc).  The duty owed to pretrial detainees under the Due Process Clause is measured under the subjective definition of deliberate indifference.  <u>Id</u>. at 648.  To prevail on a § 1983 claim against a jail official, a pretrial detainee must show that the defendant "had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk."  <u>Id</u>. at 650.

The requests for admissions that Hill failed to timely

---

[4]  In his response to the court's show cause order, filed on October 6, 2004, Hill addresses his failure to respond to the motion for summary judgment by saying, "I don't know what's cookin, but I will not respond to documents issued for the sole purpose of harassment.  If the Court wishes to dismiss the proceedings on these frivilous [sic] filings, then my response would have been futile . . . ."

12

respond to concerned the essential issues of this claim.[5]  These deemed admissions conclusively establish that the defendants engaged in no deliberate indifference to the plaintiff's medical needs.  Thus, there would be no basis for Hill's inadequate medical care claim, and the district court's summary judgment dismissal of the claim was appropriate.  See Celotex Corp., 477 U.S. at 321; Hare, 74 F.3d at 639; Dukes, 770 F.2d at 548-49.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.

---

[5]  The requests for admission asked Hill to admit or deny that: (1) the medical condition underlying his complaint was caused exclusively by his failure to follow medical advice; (2) the medical condition was self-inflicted; (3) that there were no facts which supported his claim against Breazeale; (4) that there were no facts which supported his claim against Tatum; and (5) that a registered nurse, Betty Bright, was available throughout the time he was detained to provide medical treatment for persons held at the Lamar County Jail.

13