930 F.2d 1117
 19 Fed.R.Serv.3d 603, 19 U.S.P.Q.2d 1142
 The AMERICAN AUTOMOBILE ASSOCIATION (INCORPORATED),
Plaintiff-Appellant Cross-Appellee,
v.
AAA LEGAL CLINIC OF JEFFERSON CROOKE, P.C., a/k/a AAA Legal
Clinic of James J. Crook, P.C., Defendant-Appellee
Cross-Appellant.
 No. 90-8233.
 United States Court of Appeals,
Fifth Circuit.
 May 13, 1991.
 
 Richard S. Siluk, Deborah A. Verbil, Baker & Botts, Houston, Tex., for plaintiff-appellant cross-appellee.
 James J. Crook, El Paso, Tex., defendant-appellee cross-appellant.
 Appeals from the United States District Court for the Western District of Texas.
 Before RUBIN, POLITZ, and DUHE, Circuit Judges:
 ALVIN B. RUBIN, Circuit Judge:
 
 
 1
 A plaintiff alleging service-mark infringement appeals the district court's decision upon completion of trial to ignore one admission of the opposing party and deem another withdrawn, absent any motion to do so. Because we find that the plaintiff relied on the admissions, and the court's decision therefore prejudiced the plaintiff in contravention of Federal Rule of Civil Procedure 36(b), we reverse and remand.
 
 I.
 
 2
 The American Automobile Association (AAA), a nationwide organization, provides a variety of services to motor vehicle owners and travelers, ranging from emergency road assistance to bail bond service, assistance in obtaining legal services relating to traffic claims, and arbitrating damage claims involving motor vehicles. It owns U.S. Service Mark Registration No. 829,265 for the mark "AAA."
 
 
 3
 In August 1988, AAA filed suit against the AAA Legal Clinic of Jefferson Crooke, P.C., alleging that the Legal Clinic's use of the designation "AAA" would be likely to cause confusion about its possible affiliation with or sponsorship by AAA, and therefore constituted service mark infringement and false representation under the Lanham Act[1] and unfair competition under Texas state law. AAA sought a permanent injunction barring the Legal Clinic's use of the mark "AAA." The Legal Clinic provides legal services in El Paso, Texas, which it has advertised in Austin, Dallas, Houston and El Paso. These are all locations in which AAA has offices.
 
 
 4
 During pre-trial proceedings, the Legal Clinic was less than cooperative. It did not sign and return the scheduling order required by the district court, nor did it respond to repeated discovery requests until the district court granted AAA's motion to compel discovery and awarded AAA $800 in attorney's fees as a sanction under F.R.C.P. 37(d). This sanction has never been paid.
 
 
 5
 The Legal Clinic also neglected to respond to requests for admission on several key issues, including the fact that the Legal Clinic knew of AAA's prior use of the "AAA" trademark and that the Clinic's use of the same mark was likely to cause confusion as to its affiliation with or sponsorship by AAA.[2] AAA therefore included the admissions in its pretrial order as "undisputed issues of fact," introduced the admissions into evidence at trial and relied on them in support of its case. The Legal Clinic included the admissions as "undisputed issues of fact" in its own pretrial order and admitted at trial receipt of the request for admission and its failure to respond.
 
 
 6
 The Legal Clinic never, either before or during the trial, moved for leave to withdraw or amend any of its admissions. Nor did the district court indicate that it was considering any withdrawal or amendment. Nonetheless, in its Memorandum Opinion, the district court sua sponte deemed the Legal Clinic's admission regarding its knowledge of AAA's prior use of its trademark to be withdrawn. The court also found, in direct contradiction to another admission, that the Legal Clinic's use of "AAA" was not likely to cause confusion, and therefore ruled in favor of the Clinic.
 
 II.
 
 7
 We review the district court's decision to permit the withdrawal or amendment of an admission for abuse of discretion.[3] Federal Rule of Civil Procedure 36 governs requests for admission. Each matter on which an admission has been requested is admitted unless the party to whom the request is directed responds with a written answer or objection.[4] According to F.R.C.P. 36(b), as amended in 1970:
 
 
 8
 Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.
 
 
 9
 Therefore, while the district court has considerable discretion over whether to permit withdrawal or amendment of admissions, that discretion must be exercised within the bounds of this two-part test: 1) the presentation of the merits must be subserved by allowing withdrawal or amendment; and 2) the party that obtained the admissions must not be prejudiced in its presentation of the case by their withdrawal.[5]
 
 
 10
 In the present case, the district court deemed one admission withdrawn and ignored others despite the absence of any motion for withdrawal or amendment by the Legal Clinic. The Clinic contends that its trial testimony refuting the admissions was tantamount to a motion for withdrawal. It further argues that a litigant relies on Rule 36 admissions at its own risk, because the district court has broad discretion to sua sponte withdraw or amend an admission--even after the completion of a trial--to subserve presentation of the merits as long as the litigant is not prejudiced thereby. Furthermore, according to the Legal Clinic, prejudice under Rule 36(b) is not triggered by the relying party's added responsibility of having to convince the fact-finder of matters previously admitted, but results only from special difficulties in obtaining witnesses or evidence on short notice; since AAA never sought to develop the case from its inception, no prejudice resulted.
 
 
 11
 While this court has never previously considered whether admissions may be withdrawn or amended sua sponte by the district court, or under what circumstances an admission may be withdrawn after completion of a trial,[6] we now join other circuits in rejecting the Legal Clinic's arguments. Rule 36(a) specifies that any matter admitted is "conclusively established." "In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party."[7] An admission that is not withdrawn or amended cannot be rebutted by contrary testimony or ignored by the district court simply because it finds the evidence presented by the party against whom the admission operates more credible.[8] This conclusive effect applies equally to those admissions made affirmatively and those established by default,[9] even if the matters admitted relate to material facts that defeat a party's claim.[10] Mere trial testimony did not constitute a motion by the Legal Clinic to withdraw or amend its admissions.
 
 
 12
 Nor could the district court reasonably conclude that its actions did not cause prejudice to AAA. Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission.[11] This standard, however, derives from situations in which the court permits withdrawal or amendment before trial has commenced. Once trial has begun, the provisions of F.R.C.P. 16(e), expressly incorporated by Rule 36(b), impose a more restrictive standard: the court will not permit withdrawal or amendment of an admission unless failure to do so would cause "manifest injustice."[12]
 
 
 13
 The district court's actions, however, did not even pass the lower standard of permissible withdrawal absent prejudice to the relying party. To claim, as the Legal Clinic does, that AAA was not prejudiced by withdrawal or refutation of the admissions after trial had been completed borders on absurdity. Relying on the Legal Clinic's admission that confusion was likely, AAA made no effort to obtain or present evidence of actual confusion at trial. The Legal Clinic argues that AAA was not prejudiced because it never offered any proof regarding the various factors normally considered in establishing "likelihood of confusion." The very purpose of Rule 36, however, is to obviate the need to present evidence on a matter that has been admitted. Because the Legal Clinic never moved for withdrawal or amendment of its admissions, AAA received no notice that such evidence might be required. In a factually analogous case, the District of Columbia Circuit found the district court had correctly refused a motion to withdraw admissions after completion of the hearing, because the relying party would have been "seriously prejudiced."[13] By contrast, none of the cases cited by the district court and the Legal Clinic to support the court's exercise of discretion involved modification of an admission once the trial had been completed.[14] 4] Here, the district court's sua sponte refutations of the admissions seriously prejudiced AAA by foreclosing any opportunity it might have had during the course of the trial to present its case or to demonstrate prejudice.
 
 
 14
 The Legal Clinic contends that giving conclusive effect to its admissions would constitute "manifest injustice." It argues that its goodwill and business identity, on which it has allegedly expended considerable sums, would be destroyed "solely because it forgot to answer a set of Request [sic] for Admissions." We find this argument disingenuous at best. The Legal Clinic "forgot" to respond to discovery requests and scheduling orders. It "forgot" to respond to a request for admissions. It then "forgot" to move to withdraw or amend its admissions. Courts have, upon occasion, allowed withdrawals of admissions in extraordinary circumstances: where the admission was made in reliance upon incorrect information obtained from the other party;[15] where the admitting party misconstrued the request;[16] or where the admission was "inadvertent" and the plaintiff was seeking damages of more than a million dollars.[17] The fact that the party found more credible by the district court may lose a suit because of its patent disregard of procedural rules, however, does not rise to the level of manifest injustice.[18] This may constitute manifest incompetence, but not manifest injustice.
 
 
 15
 We therefore remand this case to the district court to give full and conclusive effect to the Legal Clinic's admissions about its prior knowledge of AAA's use of its trademark and the likelihood of confusion. In doing so, we express no opinion on the underlying merits of AAA's claims. We recognize the potential harshness of this result. To allow the court to withdraw or ignore admissions sua sponte post-trial would, however, negate the very purpose of Rule 36. Rule 36 allows parties to narrow the issues to be resolved at trial by identifying and eliminating those matters on which the parties agree.[19] "Unless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule is defeated."[20]
 
 III.
 
 16
 The Legal Clinic cross-appeals the district court's finding that the mark "AAA" is arbitrary rather than generic in nature. Whether a mark is generic or not is a question of fact which we review under the clearly erroneous standard.[21] We have little to add to the district court's articulate discussion of this issue. A generic term is a descriptive name for a class of goods or services, regardless of their source.[22] The mark "AAA" is not a class of services, but instead identifies the source of those services, and is therefore not generic. The Legal Clinic's counter-claim is without merit.
 
 
 17
 The Legal Clinic also contends that it should have been awarded attorney's fees by the district court. Since it is no longer the prevailing party in this suit, its counterclaim for attorney's fees is moot.
 
 
 18
 For the foregoing reasons, we REVERSE and REMAND to the district court for action consistent with this opinion.
 
 
 
 [1]
 15 U.S.C. Secs. 1051-1127 (1988)
 
 
 [2]
 The relevant admissions are as follows:
 
 
 [7]
 Plaintiff has used the mark "AAA" in connection with providing bail bond services and assisting its members in obtaining legal services for many years prior to defendant's use of the designation "AAA" in connection with the advertising and sale of legal services
 
 
 [8]
 Defendant's use of the designation "AAA" in connection with the advertising and sale of legal services is likely to cause confusion as to defendant's affiliation with or sponsorship by plaintiff
 
 
 [9]
 Defendant was familiar with plaintiff's use of the mark "AAA" for providing bail bonds and for assisting its members in obtaining legal services at the time defendant adopted and began using the designation "AAA" in connection with the advertising and sale of legal services
 
 
 [3]
 999 v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir.1985); Brook Village North Assocs. v. General Electric Co., 686 F.2d 66, 70 (1st Cir.1982)
 
 
 [4]
 F.R.C.P. 36(a)
 
 
 [5]
 Farr Man & Co. v. M/V Rozita, 903 F.2d 871, 876 (1st Cir.1990); Smith v. First Nat'l Bank, 837 F.2d 1575, 1577 (11th Cir.), cert. denied 488 U.S. 821, 109 S.Ct. 64, 102 L.Ed.2d 41 (1988)
 
 
 [6]
 Two Fifth Circuit cases have approved withdrawal or amendment of admissions prior to or during trial. Laughlin v. Prudential Ins. Co., 882 F.2d 187, 191 (5th Cir.1989); Reyes v. Vantage S.S. Co., 672 F.2d 556, 557-58 (5th Cir.1982)
 
 
 [7]
 Advisory Committee's Note, 48 F.R.D. 487, 534 (1970)
 
 
 [8]
 Airco Indus. Gases, Inc. v. Teamsters Health & Welfare Pension Fund, 850 F.2d 1028, 1036-37 (3rd Cir.1988); Williams v. City of Dothan, 818 F.2d 755, 762 (11th Cir.1987); Brook Village, 686 F.2d at 73; Rainbolt v. Johnson, 669 F.2d 767, 769 (D.C.Cir.1981)
 
 
 [9]
 United States v. Kasuboski, 834 F.2d 1345, 1350 (7th Cir.1987); Rainbolt, 669 F.2d at 768
 
 
 [10]
 Brook Village, 686 F.2d at 70
 
 
 [11]
 Id
 
 
 [12]
 Farr Man, 903 F.2d at 876; 999, 776 F.2d at 869; Brook Village, 686 F.2d at 71-72
 
 
 [13]
 Rainbolt, 669 F.2d at 768
 
 
 [14]
 See Smith, 837 F.2d at 1577; French v. United States, 416 F.2d 1149, 1152 (9th Cir.1969); Moosman v. Joseph P. Blitz, Inc., 358 F.2d 686, 688 (2nd Cir.1966); Westmoreland v. Triumph Motorcycle Corp., 71 F.R.D. 192 (D.C.Conn.1976)
 
 
 [15]
 Farr Man, 903 F.2d at 876-77
 
 
 [16]
 Reyes, 672 F.2d at 557-58
 
 
 [17]
 Smith, 837 F.2d at 1577
 
 
 [18]
 Brook Village, 686 F.2d at 73
 
 
 [19]
 Kasuboski, 834 F.2d at 1350
 
 
 [20]
 Advisory Committee's Note, 48 F.R.D. at 534
 
 
 [21]
 Zatarains, Inc. v. Oak Grove Smokehouse, Inc., 698 F.2d 786, 793 (5th Cir.1983)
 
 
 [22]
 See Soweco, Inc. v. Shell Oil Co., 617 F.2d 1178, 1183 & n. 13 (5th Cir.1980), cert. denied 450 U.S. 981, 101 S.Ct. 1516, 67 L.Ed.2d 816 (1981)