PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

LONNIE D. JOHNSON,

         *Petitioner,*

v.

ROYAL COAL COMPANY; WEST
VIRGINIA COAL-WORKERS'
COMPENSATION PROGRAMS; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,

         *Respondents.*

No. 02-1400

On Petition for Review of an Order
of the Benefits Review Board.
(BRB-01-0388, 1999-BLA-1015)

Argued: February 26, 2003

Decided: April 8, 2003

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

---

Reversed and remanded by published opinion. Judge Luttig wrote the
opinion, in which Judge Williams and Judge Michael joined.

---

## COUNSEL

**ARGUED:** James McPherson Talbert-Slagle, WASHINGTON &
LEE UNIVERSITY SCHOOL OF LAW, Lexington, Virginia, for
Johnson. Helen Hart Cox, UNITED STATES DEPARTMENT OF

LABOR, Washington, D.C., for Director. Robert Weinberger, EMPLOYMENT PROGRAMS LITIGATION UNIT, Charleston, West Virginia, for Royal Coal, et al. **ON BRIEF:** James M. Phemister, WASHINGTON & LEE UNIVERSITY SCHOOL OF LAW, Lexington, Virginia, for Johnson. Eugene Scalia, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Patricia M. Nece, Counsel for Appellate Litigation, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Director.

**OPINION**

LUTTIG, Circuit Judge:

Petitioner Lonnie Johnson, a coal miner, filed a claim for benefits under the Black Lung Benefits Act. His former employer, Royal Coal Company ("Royal"), was identified as potentially liable for payment of benefits. In advance of the hearing, petitioner submitted a request for admissions to Royal, pursuant to 29 C.F.R. § 18.20 (2002). Royal expressly admitted to several of the matters in the request but remained silent on the remainder. Although petitioner properly admitted the request and the response into evidence, the administrative law judge ("ALJ"), in denying benefits, did not address the effect of the admissions. The Benefits Review Board ("BRB") concluded that the ALJ did not err in failing to address the admissions and held, first, that 29 C.F.R. § 18.20 did not apply to black lung proceedings, and second, that petitioner had waived his right to rely on the admissions. We conclude that the BRB erred on both scores, and reverse.

I.

On August 27, 1998, petitioner filed a claim under the Black Lung Benefits Act, as amended, 30 U.S.C. §§ 901-945. A district director in the Department of Labor's Office of Workers' Compensation Programs identified petitioner's former employer, Royal Coal Company, as the coal mine operator potentially liable for payment of benefits. The district director initially determined that petitioner was not entitled to benefits, but petitioner disagreed and requested a hearing. The district director, pursuant to 20 C.F.R. § 725.463(a) (2002), prepared

a list of issues contested by Royal,[1] and referred the case to the Office of Administrative Law Judges ("OALJ").

Approximately two and a half months prior to the hearing, petitioner served upon Royal a set of interrogatories, requests for production of documents, and a request for admissions. In particular, petitioner requested that Royal admit the truth of ten statements: 1) that the claim was timely filed; 2) that petitioner was a miner within the meaning of 20 C.F.R. § 725.202; 3) that petitioner worked in or around coal mines for at least fifteen years; 4) that petitioner had pneumoconiosis within the meaning of 20 C.F.R. § 718.201; 5) that petitioner's pneumoconiosis arose at least in part out of his coal mine employment within the meaning of 20 C.F.R. § 718.203; 6) that petitioner was totally disabled from a respiratory standpoint or a pulmonary standpoint from performing his last coal mine employment within the meaning of 20 C.F.R. § 718.204; 7) that petitioner's total respiratory disability was due at least in part to his pneumoconiosis within the meaning of 20 C.F.R. § 718.204; 8) that petitioner had one dependent, within the meaning of 20 C.F.R. § 725.204 and 20 C.F.R. § 725.205; 9) that petitioner's most recent period of cumulative employment within the meaning of 20 C.F.R. § 725.493 of not less than one year was with Royal; and 10) that Royal was the Responsible Operator within the meaning of 20 C.F.R. § 725.490-493.

Royal responded to these requests within 30 days, and expressly admitted to the first, second, eighth, ninth, and tenth statements listed above. Royal did not respond in any way to the other five statements. Nor did Royal object when petitioner introduced the request and the response into evidence at the hearing.

Noting that Royal's failure to respond appropriately to the outstanding admission request constituted admissions under the authority of 29 C.F.R. § 18.20(b), petitioner urged the ALJ in his written clos-

[1]The contested issues included: whether petitioner was a miner for at least 14 years, whether petitioner had pneumoconiosis, whether any pneumoconiosis arose out of coal mine employment, whether petitioner was totally disabled, whether any disability was due to pneumoconiosis, whether petitioner's claim was timely, whether he was a coal miner, and whether Royal was the responsible operator liable for any benefits.

ing arguments to award benefits. He argued that these facts, admitted by Royal's failure to respond, established as a matter of law his entitlement to black lung benefits. Royal, in contrast, in its closing argument, addressed only the medical evidence and not the effect of the admissions.

In an order dated September 20, 2000, the ALJ denied benefits based on his weighing of the medical evidence. The ALJ made no mention of the admissions.

Petitioner appealed to the BRB, raising as his only issue the failure of the ALJ to give conclusive (or, indeed, any) weight to Royal's admissions. The BRB (over a thorough dissent) rejected petitioner's argument on two grounds. First, the BRB stated that 29 C.F.R. § 18.20 (hereinafter "OALJ Rule 20") was inapplicable to black lung proceedings in general, as it conflicted with several black lung program regulations. Second, the BRB held that even if OALJ Rule 20 were applicable, petitioner waived his right to rely on the admissions based on his behavior at the hearing.

Petitioner, dissatisfied with the result of his appeal to the BRB, now appeals to this court, again raising as the sole issue whether the admissions made by Royal were binding and conclusive as to petitioner's eligibility for benefits.

## II.

As noted above, the BRB and Royal present two arguments why the admissions were not binding on Royal and thus why the ALJ did not err by failing to consider them. We consider each in turn.

## A.

OALJ Rule 20 states as follows:

> (a) A party may serve upon any other party a written request for the admission . . . of the truth of any specified relevant matter of fact. (b) Each matter of which an admission is requested is admitted *unless*, within thirty (30) days after

service of the request . . . the party to whom the request is directed serves on the requesting party [a written statement either denying specifically the matter or setting forth why he or she cannot admit or deny the matter, or written objections on the grounds of privilege, irrelevancy, or impropriety].

29 C.F.R. § 18.20(a)-(b) (emphasis added). The consequence of admission is significant: "Any matter admitted under this section is *conclusively* established unless the administrative law judge on motion permits withdrawal or amendment of the admission." 29 C.F.R. § 18.20(e) (emphasis added).

There is no dispute that Royal failed to respond to any of the statements in petitioner's request in the manner specified by OALJ Rule 20(b). OALJ Rule 20(e) thus directs that every matter of fact submitted by petitioner has been "conclusively established." In particular, then, if OALJ Rule 20 applies to the proceeding below, Royal has admitted 1) that petitioner has been a coal miner for at least 15 years, 2) that petitioner suffers from a total respiratory or pulmonary disability, 3) that petitioner has pneumoconiosis, 4) that petitioner's pneumoconiosis is due at least in part to his coal mine employment, 5) that petitioner's total disability is due at least in part by pneumoconiosis, and 6) that Royal Coal is the responsible operator. As a perusal of the applicable black lung regulations reveals, and as no one has presently contested, these admissions would conclusively establish petitioner's entitlement to benefits. *See* 20 C.F.R. §§ 725.201(a)(1), 725.202(d), 718.202, 718.203, 718.204 (2002). Hence, if OALJ Rule 20 applies (and, of course, assuming neither a waiver of any right to rely on said admissions, nor the existence of any granted motion to modify or withdraw the admissions), petitioner is entitled to an award of benefits and the ALJ erred by denying such.[2]

---

[2]OALJ Rule 20, it should be noted, allows admission requests only for the genuineness and authenticity of documents and for relevant "matters of fact," the same limitation found in the pre-1970 version of Fed. R. Civ. P. 36 (the Rule of Civil Procedure governing admissions, analogous to OALJ Rule 20). *See* 8A Charles Allen Wright et al., *Federal Practice and Procedure: Civil 2d*, 518 n.1 (2d ed. 1994) (setting forth the text of the original Rule 36). The present Rule 36 allows for a much broader use of admissions, in that "any matters within the scope of Rule 26(b)(1)"

The BRB and Royal both note that the Rules of Practice and Procedure for the OALJ do not all apply in every proceeding in front of an ALJ. *See* 29 C.F.R. § 18.1(a) ("[The OALJ procedural rules] are generally applicable to adjudicatory proceedings before the Office of Administrative Law Judges . . . . To the extent that these rules may be inconsistent with a rule of special application as provided by statute, executive order, or regulation, the latter is controlling."). And, here, they argue, OALJ Rule 20 conflicts with a plethora of black lung regulations and so should not be applied. They suggest 20 C.F.R. §§ 725.413(a), 725.417(a), 725.421(b)(7) (1999), and 725.463(a) (2002),[3] taken together, conflict with OALJ Rule 20. They also identify 20 C.F.R. § 725.450 (2002) and § 725.455(a) (2002) as in conflict with OALJ Rule 20.

None of these provisions, either individually or taken together, are inconsistent with OALJ Rule 20. The collection of regulations ranging from § 725.413(a) to § 725.463(a) all govern the procedures by which a district director identifies and lists the contested issues to be heard by the ALJ at the hearing. *See* 20 C.F.R. § 725.413(a) (operator

---

can be the subject of a request for admission. *See* Fed. R. Civ. P. 36(a). This difference in phraseology is significant: pursuant to the pre-1970 version of Rule 36(a), requests "that were regarded as involving opinions or conclusions or a mixture of law and fact" were generally held improper. *See* 8A Wright et al., *Federal Practice and Procedure* § 2255, at 530 (collecting cases). And, Rule 36 was amended in 1970 precisely to avoid this limitation. *See id.* at 534. Many of the statements for which petitioner requested admissions are at least arguably mixtures of law and fact, and thus, perhaps, under the literal language of OALJ Rule 20 not proper subjects for a request for admission. But Royal never objected to the request as being "improper in whole or in part," 29 C.F.R. § 18.20(b)(3), and indeed, never objected to any aspect of the request for admissions, and thus we need not now address the proper scope of OALJ Rule 20.

[3]The Secretary of Labor issued revisions to the black lung benefits program regulations that became effective on January 19, 2001. Some of the changes are prospective only, and some apply immediately to claims pending on January 19, 2001. *See* 20 C.F.R. § 725.2(c) (2002). Hence, different editions of the Code of Federal Regulations are cited throughout as appropriate.

must "indicate its agreement or disagreement with" each finding by the district director upon being notified of a claim); § 725.417(a) (the district director "shall prepare a stipulation of contested and uncontested issues"); § 725.421(b)(7) (district director must deliver to the ALJ the statement by the deputy director of "contested and uncontested issues in the claim"); § 725.463(a) (the hearing "shall be confined to those contested issues which have been identified by the district director . . ., or on any other issue raised in writing before the district director"). Because the ALJ is not to consider issues not included on the director's list except pursuant to exception, *see* 20 C.F.R. § 725.463(b), these provisions define the outer limit of the scope of the hearing, preventing its *expansion*. But these provisions in no way restrict the parties' ability to *narrow* the scope of the hearing. There is no inconsistency between the procedures that set the outer limits for black lung hearings and a rule that allows the parties to reduce the number of contested issues prior to the hearing. In fact, the black lung regulations expressly allow for the parties to remove issues from controversion at the hearing. *See* 20 C.F.R. § 725.462 (parties may, on the record, "withdraw his or her controversion of any or all issues set for hearing"). Given that the removal of issues from controversion is not foreclosed by, and indeed specifically allowed for in, the black lung regulations, it cannot seriously be contended that these regulations are inconsistent with another method by which parties can eliminate issues from controversion.

As to 20 C.F.R. § 725.450, it merely states that "[a]ny party to a claim . . . shall have a right to a hearing concerning any contested issue of fact or law unresolved by the district director." This regulation only allows parties to request hearings on contested issues, and does not touch upon the question as to which procedures (either prehearing or hearing) can or cannot be used to remove issues from controversion. 20 C.F.R. § 725.455(b) states: "The administrative law judge shall at the hearing inquire fully into all matters at issue, and shall not be bound by common law or statutory rules of evidence, or by technical or formal rules of procedure, except as provided by 5 U.S.C. 554 and this subpart." This provision simply grants the ALJ wide latitude to inquire into controverted issues, and releases the ALJ from evidentiary and procedural rules that might limit such inquiry. This provision does not foreclose (or even address) the use of pre-

hearing procedural devices that remove issues from controversy. Hence, neither of these provisions is inconsistent with OALJ Rule 20.[4]

Having identified no black lung regulations that conflict with OALJ Rule 20, 29 C.F.R. § 18.1(a) mandates that OALJ Rule 20 apply in black lung proceedings. Since OALJ Rule 20 applies in black lung proceedings, and since Royal failed to deny or otherwise respond to petitioner's request for admissions, Royal has admitted that petitioner is entitled to benefits. Only if it could be established that petitioner somehow waived his right to rely on Royal's admissions, or that Royal withdrew or amended them, could Royal avoid liability for payment of benefits. We now turn to this argument.

B.

The BRB held, and Royal now contends, that petitioner "waived his right to rely on employer's alleged admissions." J.A. 33. In particular, the BRB noted that "counsel for [petitioner] did not object to [Royal] contesting the existence of pneumoconiosis or disability causation" at the hearing, "despite having [Royal's] alleged admissions in hand." *Id*. The BRB also relied upon the fact that the petitioner "submitted evidence on [the admitted] issues" and "did not object to the introduction of employer's evidence relating to these issues." *Id*.

Although the BRB accurately records petitioner's conduct at the hearing, we reject the BRB's inference that petitioner thereby waived any right to use of the admissions against Royal. First, the bulk of the conduct the BRB cites as demonstrative of waiver occurred *before* petitioner introduced the admissions into evidence. For example, petitioner's "failure" to object to Royal's contest of the existence of pneumoconiosis or disability causation, *see* J.A. 9, occurred before the

---

[4]Indeed, Royal's counsel, perhaps without being fully aware of it, recognizes the consistency between the black lung regulations and OALJ Rule 20, as evidenced by his concession at oral argument that Royal's express admission to five of the statements *were* binding on it. For, these express admissions would be binding on Royal *only if* OALJ Rule 20 applied in the proceeding below. And, OALJ Rule 20 does not distinguish between admissions made by failure to respond and admissions made by express statement. *See* 29 C.F.R. § 18.20(b).

admissions were entered. But thereafter petitioner *did* enter the admissions, thus making them effective. *See Gilbert* v. *General Motors Corp.*, 133 F.2d 997, 1003 (2d Cir. 1943) (admissions need to be entered into the record to be effective).

The BRB notes as well that petitioner did not object when Royal later introduced evidence on matters "resolved" by the non-entered admissions, and that petitioner himself presented evidence on matters allegedly admitted. But, based on a consideration of the analogous Fed. R. Civ. P. 36, an opposing party's introduction of evidence on a matter admitted does not constitute either a waiver by the party possessing the admissions, or as a constructive motion for withdrawal or amendment of admissions. *See American Auto. Ass'n* v. *AAA Legal Clinic*, 930 F.2d 1117, 1119-20 (5th Cir. 1991). Nor does a party's introduction of evidence on issues overlapping matters admitted by the opposing party constitute a waiver of their right to rely on the admissions. *See Brook Village North Associates* v. *General Electric Co.*, 686 F.2d 66, 71-72 (1st Cir. 1982).[5]

Since petitioner properly admitted the admissions into evidence, and as petitioner has not waived any right to rely on the admissions, the admissions conclusively establish petitioner's entitlement to benefits.

## *CONCLUSION*

The judgment of the Benefits Review Board is reversed and the case is remanded to the ALJ with instructions to enter an order awarding benefits to petitioner.

*REVERSED*

---

[5]We need not address the question of whether Royal constructively moved to amend or withdraw its admissions by its conduct, as Royal's counsel at oral argument expressly disclaimed any reliance on any theory that Royal constructively moved to amend or withdraw the admissions.