**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-1405**

---

ADVENTIS, INCORPORATED,

                                        Plaintiff - Appellee,

        versus

CONSOLIDATED PROPERTY HOLDINGS, INCORPORATED;
BIG LOTS STORES, Incorporated,

                                        Defendants - Appellants,

        and

BIG LOTS, INCORPORATED,

                                        Defendant.

---

**No. 04-1411**

---

ADVENTIS, INCORPORATED,

                                        Plaintiff - Appellant,

        versus

CONSOLIDATED PROPERTY HOLDINGS, INCORPORATED;
BIG LOTS STORES, Incorporated,

                                        Defendants - Appellees,

        and

BIG LOTS, INCORPORATED,

Defendant.

_____

Appeals from the United States District Court for the Western District of Virginia, at Roanoke.  James C. Turk, Senior District Judge.  (CA-02-611-7)

_____

Argued: December 2, 2004                    Decided: March 2, 2005

_____

Before LUTTIG, MOTZ, and DUNCAN, Circuit Judges.

_____

Vacated and remanded by unpublished opinion.  Judge Duncan wrote the opinion, in which Judge Motz joined.  Judge Luttig wrote a separate opinion concurring in the judgment.

_____

**ARGUED:**  John Baylor Nalbandian, TAFT, STETTINIUS & HOLLISTER, Cincinnati, Ohio, for Consolidated Property Holdings, Incorporated, and Big Lots Stores, Incorporated.  Martin B. Pavane, COHEN, PONTANI, LIEBERMAN & PAVANE, New York, New York, for Adventis, Incorporated.  **ON BRIEF:** John M. Mueller, TAFT, STETTINIUS & HOLLISTER, Cincinnati, Ohio; Arthur P. Strickland, STRICKLAND & HARDEN, P.C., Roanoke, Virginia, for Consolidated Property Holdings, Incorporated, and Big Lots Stores, Incorporated. Roland E. Pieterman, ADVENTIS, INC., Midlothian, Virginia; Myron Cohen, Jeremy M, Kaufman, COHEN, PONTANI, LIEBERMAN & PAVANE, New York, New York, for Adventis, Incorporated.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

DUNCAN, Circuit Judge:

In these cross-appeals, the parties to the underlying trademark action contest the district court's denial of their cross-motions for summary judgment on their competing claims of trademark infringement. Prior to filing their motions, both parties admitted during discovery that there was a likelihood of confusion between the Appellant's use of its mark "The BIG Lot!" and the Appellee's use of its marks "BIG LOTS!" and "BIG ! LOTS." In finding that neither party could demonstrate infringement, the district court concluded that the marks in question were not confusingly similar, despite the parties' admissions to the contrary. Because the court impermissibly disregarded the parties' discovery admissions, we vacate the district court's order and remand for further proceedings.

I.

The issues in this appeal arise from the following sequence of events. In 1997, Appellant/Cross-Appellee Consolidated Property Holdings, Inc. ("CPHI"), the parent company of Big Lots Stores, Inc., filed an application with the United States Patent and Trademark Office ("PTO") to register the word mark "BIG LOTS." CPHI has used this mark since 1985 to identify its nationwide chain of Big Lots stores, which sell discount and close-out retail

merchandise.[1]  The PTO granted CPHI's application and registered "BIG LOTS" as U.S. Trademark No. 2,087,643 (the 643 mark) on August 12, 1997.

In 1998, Appellee/Cross-Appellant Adventis began an online used car classifieds service on the website <http://www.thebiglot.com>.  To market this service, Adventis began using the mark "The BIG Lot!" in connection with its website. Adventis filed U.S. Trademark Application No. 78/069,918 for "The BIG Lot!" (the 918 mark) with the PTO on June 19, 2001, claiming a first use in commerce on May 3, 2001.

At about the same time Adventis began using the 918 mark, CPHI introduced two new marks as part of an effort to "roll[] out [a] new national image."  J.A. 183.  These marks were "BIG LOTS!" and "BIG ! LOTS."  Shortly thereafter, CPHI became aware of Aventis's 918 mark and sent a cease and desist letter dated August 7, 2001, asserting that its 643 word mark, from which its two new marks was derived, was senior to Adventis's 918 mark and that the 918 mark was confusingly similar.  Three weeks later, CPHI filed U.S. Trademark Application No. 76/305,489 for the mark "BIG LOTS!" (the 489 mark) and Application No. 76/305,490 for the mark "BIG ! LOTS" (the 490 mark), claiming a first use of these marks in May 2001.[2]

---

[1]CPHI also operates an internet site but does not sell merchandise through it.

[2]The PTO preliminarily denied CPHI's applications, asserting a likelihood of confusion with Adventis's 918 mark.

Unable to resolve its differences with CPHI, Adventis filed this action on April 25, 2002. In its amended complaint, Adventis charged CPHI with federal trademark infringement under the Lanham Act, see 15 U.S.C. § 1125(a)(1)(A), and common law trademark infringement. In its counterclaim, CPHI presented five claims: trademark infringement under the Lanham Act, unfair competition and false designation of origin, trademark dilution, common law trademark infringement, and common law unfair competition. During discovery, each party requested that the other admit pursuant to Federal Rule of Civil Procedure 36 that the marks in question were confusingly similar. Adventis denied that its 918 mark was confusingly similar to CPHI's 643 mark but admitted that there was a likelihood of confusion between its mark and CPHI's more recent 489 and 490 marks. For its part, CPHI admitted that there existed a likelihood of confusion between all of its marks and Adventis's 918 mark. Drawing on these admissions, the parties filed cross-motions for summary judgement.

The district court denied the parties' motions as to their claims of infringement under the Lanham Act, however, based principally on its determination that (contrary to the parties' admissions) none of the marks in question were confusingly similar. The court reasoned that the differences in presentation between the various marks and the different modes of commerce in which the parties operated sufficed to distinguish the marks. As a result,

- 5 -

the court found no infringement by either party. Although the court's order did not address the parties' common law claims or CPHI's federal dilution claim, the court certified its summary judgment order for interlocutory appeal pursuant to 28 U.S.C. § 1292, and this court accepted the appeal.

II.

We review de novo the grant or denial of summary judgment on infringement claims under the Lanham Act. See AT&T Wireless PCS, Inc. v. Winston-Salem Zoning Bd. of Adjustment, 172 F.3d 307, 312 (4th Cir. 1999). Summary judgment is never appropriate unless there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In making this assessment, we apply the same tests and standards used by the district court and consider the facts (and reasonable inferences drawn therefrom) in the light most favorable to the non-movant. See Blair v. Defender Servs., Inc., 386 F.3d 623, 625 (4th Cir. 2004). However, while we review the district court's infringement determination de novo, the necessary underlying factual determinations, including whether there exists a likelihood of confusion between the marks, are reviewed for clear error. See Int'l Bancorp, LLC v. Societe des

<u>Bains de Mer et du Cercle des Etrangers a Monaco</u>, 329 F.3d 359, 362-63 (4th Cir. 2003), <u>cert. denied</u>, 124 S. Ct. 1052 (2004).[3]

In their briefs and at oral argument, both parties asserted that the district court erred in disregarding their admissions regarding likelihood of confusion and that they were entitled to a finding that the other party had infringed on their marks. However, we address only the former issue in this appeal. Because we conclude that the district court could not reach a result that conflicted with the parties' admissions under Rule 36, we vacate the district court's order and remand for further proceedings.

### A.

Before proceeding, it is useful to review the relevant elements of a claim for trademark infringement under the Lanham

---

[3]This court has consistently held that the likelihood of confusion issue in an infringement claim is an inherently factual determination. <u>See, e.g.</u>, <u>Anheuser-Busch, Inc. v. L. & L. Wings, Inc.</u>, 962 F.2d 316, 318 (4th Cir. 1992). We recognize, however, that a minority of other circuits regard the issue as a mixed question of fact and law, <u>see, e.g.</u>, <u>In re Majestic Distilling Co., Inc.</u>, 315 F.3d 1311, 1314 (Fed. Cir. 2004) (describing likelihood of confusion "as a question of law based on findings of relevant underlying facts"); <u>Jet, Inc. v. Sewage Aeration Sys.</u>, 165 F.3d 419, 422 (6th Cir. 1999) ("[W]e review a trial court's underlying factual findings for clear error but review de novo whether these facts indicate a likelihood of confusion."); <u>see also</u>, 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 23:73 (4th ed. 2001), and that the split over this issue continues, <u>see, e.g.</u>, <u>McMonagle v. Northeast Women's Center, Inc.</u>, 493 U.S. 901, 904 (1989) (WHITE, J., dissenting from denial of certiorari); <u>Heartsprings, Inc. v. Heartspring, Inc.</u>, 143 F.3d 550, 553 (10th Cir. 1998).

Act. In order to establish trademark infringement under the Lanham Act, the complainant must show that: a) "it has a valid, protectible trademark"; and b) "the defendant's use of a colorable imitation of the trademark is likely to cause confusion among consumers." <u>Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.</u>, 43 F.3d 922, 930 (4th Cir. 1995). The owner of a trademark registered under § 2 of the Lanham Act is entitled to a presumption of validity, and if that mark has been in continuous use for more than five years, the validity of the mark ordinarily becomes incontestable. <u>Wal-Mart Stores, Inc. v. Samara Bros., Inc.</u>, 529 U.S. 205, 209 (2000). The parties' reciprocal admissions that their marks were confusingly similar effectively reduced their dispute to a litigation addressing a) whether either party had a valid, protectible trademark and b) which had priority of use. Because the district court's denial of the parties competing infringement claims turned on a finding that their marks were not confusingly similar, in contravention of their admissions, both parties request that we vacate the court's summary judgment order and remand for further proceedings.

### B.

For the following reasons, we agree with the parties that the court erred in disregarding their Rule 36 admissions. Under Rule 36, the parties to litigation may request from their adversaries

admissions regarding purely factual matters or the application of law to facts, but not matters of law.  See, e.g., In re Carney, 258 F.3d 415, 418 (5th Cir. 2001)."  8A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure, § 2255 & n.8 (3d ed. 1999); see also Fed. R. Civ. P. 36(a).  The purpose of such admissions is to narrow the array of issues before the court, and thus expedite both the discovery process and the resolution of the litigation.  See Carney, 258 F.3d at 419 (noting the breadth of what may be admitted under Rule 36 "allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters").

The mere fact that parties have attempted to narrow the issues in dispute through their admissions is not necessarily controlling, however.  A district court is not bound by a party's admission that addresses a purely legal matter.  Cf. Carney, 258 F.3d at 418 (collecting cases for the proposition that "Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact," but not conclusions of law).  Additionally, because "[i]ssues change as a case develops, and the relevance of discovery responses is related to their context in the litigation," according conclusive effect to an admission "may not be appropriate where requests for admissions or the responses to them are subject to more than one interpretation."  Rolscreen Co. v. Pella Prods. of

St. Louis, Inc., 64 F.3d 1202, 1210 (8th Cir. 1995). As a result, district courts are generally afforded discretion as to what scope and effect is to be accorded party admissions under Rule 36. See Johnson v. DeSoto County Bd. of Comm'rs, 204 F.3d 1335, 1341 (11th Cir. 2000).

Nevertheless, a court's discretion in this area is not unfettered. Rule 36 plainly states that "[a]ny matter admitted . . . is conclusively established unless the court on motion permits withdrawal" of the admission. Rule 36(b) (emphasis added). Once made, an admission may be withdrawn only if: a) the withdrawal would promote the presentation of the merits of the action, and b) allowing the withdrawal would not prejudice the party that obtained the admission. See Rule 36(b); Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C., 930 F.2d 1117, 1119 (5th Cir. 1991). Thus, once a matter that is properly subject of an admission under Rule 36(b) has been admitted during discovery, the district court is not free to disregard that admission. See Langer v. Monarch Life Ins. Co., 966 F.2d 786, 803 (3d Cir. 1992) ("Rule 36 admissions are conclusive for purposes of the litigation and are sufficient to support summary judgment." (emphasis added)).[4]

---

[4]We are not confronted here with a situation where the parties have, for reasons known only to themselves, stipulated to an admission that obviously misrepresents a material factual issue in the litigation, and therefore do not address whether a district court would abuse its discretion in declining to accord conclusive effect to such an admission, or whether such a suit would constitute an actual case or controversy.

C.

Applied here, these principles indicate that the district court was bound by the parties' admissions that Adventis's 918 mark and CPHI's 489 and 490 marks are confusingly similar. As a threshold matter, the likelihood of confusion issue is "an inherently factual issue that depends on the unique facts and circumstances of each case," Anheuser-Busch, Inc. v. L. & L. Wings, Inc., 962 F.2d 316, 318 (4th Cir. 1992) (internal quotations omitted), and thus presents a matter that may properly be the subject of a request for admission under Rule 36(b). Indeed, the Fifth Circuit reached an identical result in American Automobile Association v. AAA Legal Clinic, in which the court held that because the parties to an infringement action had identified the likelihood of confusion issue as an "'undisputed issue[] of fact,'" the district court erred in sua sponte deeming the admissions of the defendant in that infringement action to be withdrawn, and therefore without conclusive effect. See 930 F.2d at 1119. As noted by the Fifth Circuit, the conclusive effect of admissions applies "even if the matters admitted relate to material facts that defeat a party's claim," including the likelihood of confusion between similar marks that are the subject of an infringement action Id. at 1120.

- 11 -

Because we must vacate and remand the district court's order for further proceedings, we do not reach the parties' assertions that the facts and law are clear enough to permit this court to remand the case with instructions to enter judgment in favor of one party or the other. As noted above, the parties have in large part reduced their competing Lanham Act claims to a dispute over priority of use. Cf. United Drug Co. v. Theodore Rectanus Co., 248 U.S. 90, 100 (1918) ("[T]he general rule is that, as between conflicting claimants to the right to use the same mark, priority of appropriation determines the question."). Because there is inadequate evidence in the current record on which to resolve the parties' various arguments regarding priority, we do not reach the remaining issues, including, inter alia, whether Adventis's 918 mark is a colorable imitation of CPHI's 643 mark, whether CPHI may refer back to its 643 mark under the doctrine of tacking for purposes of establishing priority of use, see Van Dyne-Crotty, Inc. v. Wear-Guard Corp., 926 F.2d 1156, 1159 (Fed. Cir. 1991) (discussing tacking); see also Homeowners Group, Inc. v. Home Mktg. Specs., Inc., 931 F.2d 1100, 1106 (6th Cir. 1991) ("Homeowners cannot make out an infringement case against Specialists by showing ownership of one mark (the initials HMS alone) and a likelihood of confusion based on a comparison between a different mark (the HMS-roof design mark) and Specialists' marks."), and whether an

application of the tacking doctrine results in abandonment of the earlier mark, <u>see, e.g.</u>, <u>Iowa Health System v. Trinity Health Corp.</u>, 177 F. Supp. 2d 897, 917-23 (N.D. Iowa 2001). These matters must be left to the district court in the first instance.

## III.

For the foregoing reasons, we vacate the district court's order denying the parties' cross-motions for summary judgment as to their claims of infringement under the Lanham Act and remand to the district court for further proceedings consistent with this opinion.

<u>VACATED AND REMANDED</u>

LUTTIG, Circuit Judge, concurring in the judgment:

I am sufficiently unclear as to the reasons for the majority's holding, and therefore the implications of the court's decision, that I simply concur in the judgment reached by the court.