IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-10676
Summary Calendar

ALLEN CARLTON JR

Plaintiff-Appellant

v.

C FEARNEYHOUGH, #3231, Officially and Individually

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CV-711-Y

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

This appeal challenges the district court's entry of summary judgment in favor of Defendant-Appellee on Plaintiff-Appellant's federal and state law claims arising from an arrest. For the following reasons, we affirm the district court's judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTS AND PROCEDURAL HISTORY

On November 4, 2004, Plaintiff-Appellant Allen Carlton, Jr. ("Carlton"), went to the parking lot of a Family Dollar Store to meet a friend. While waiting for his friend, Carlton spoke to Jim Blackwell ("Blackwell"), who was protesting in front of the store and handing out flyers. Blackwell handed a flyer to Carlton and left the parking lot. Meanwhile, the store's manager, Donald Steele, Jr. ("Steele"), called the police to report that he believed Carlton and Blackwell were harassing customers. The parking lot had posted signs reading "No Solicitors or Peddlers Allowed" and "No Loitering." Defendant-Appellee Chris Fearneyhough, a Forth Worth Police Department officer, responded to the call. Fearneyhough questioned Carlton and asked him for identification. When Carlton refused to comply,[1] Fearneyhough handcuffed Carlton and placed him in Fearneyhough's patrol car. At some point during this exchange, Fearneyhough threw a wadded-up flyer at Carlton's face.

When Fearneyhough's backup officer, J.D. Garwacki ("Garwacki") arrived, Fearneyhough directed Garwacki to ask Carlton for his identification. At that time, Carlton complained that his handcuffs were too tight. Garwacki claims that Carlton was lying on his back in the car, a position which put much of his body weight on his hands. Garwacki obtained Carlton's identification information and Fearneyhough determined that Carlton had a pending arrest warrant.

Carlton again complained about the handcuffs. In order to check the tightness of the handcuffs, Garwacki attempted to remove Carlton from the car. When Carlton resisted, Garwacki applied his thumb to a pressure point on Carlton's neck, causing some pain. Carlton then complied. Once out of the car, Garwacki tested Carlton's handcuffs by inserting two fingers between the cuffs

---

[1] Carlton claims he was cooperative. Fearneyhough claims Carlton was resistant, rude, and profane.

2

and Carlton's wrists. Garwacki determined the handcuffs were not too tight. Ultimately, Fearneyhough arrested Carlton for his outstanding warrant and issued citations for violating a city ordinance and failure to identify.

Carlton filed suit in state court against Fearneyhough, Garwacki, Steele, and Family Dollar Store.[2] In his claims against Fearneyhough, Carlton alleged Eighth Amendment violations, use of excessive force, malicious prosecution, intentional infliction of emotional distress, and conspiracy. Fearneyhough removed the case to federal district court, which granted summary judgment to Fearneyhough on all claims. Carlton, acting pro se, filed this appeal.

## II. STANDARD OF REVIEW

We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. We review a district court's order granting summary judgment de novo. Morris v. Equifax Info. Servs., L.L.C., 457 F.3d 460, 464 (5th Cir. 2006). Summary judgment is appropriate when, after considering the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Bulko v. Morgan Stanley DW, Inc., 450 F.3d 622, 624 (5th Cir. 2006). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In considering a summary judgment motion, all facts and evidence must be taken in the light most favorable to the non-moving party. United Fire & Cas. Co. v. Hixson Bros., 453 F.3d 283, 285 (5th Cir. 2006).

We construe a pro se party's briefs liberally. Price v. Digital Equip. Corp., 846 F.2d 1026, 1028 (5th Cir. 1988). Nevertheless, even pro se litigants must brief arguments in order to preserve them for appellate review. Id.

---

[2] Steele, Family Dollar Store, and Garwacki are not parties to this appeal.

## III. DISCUSSION

### A. Federal Law Claims

In his complaint, Carlton made two claims that implicate federal constitutional and statutory rights: an Eighth Amendment claim and a Fourth Amendment excessive force claim. The district court granted Fearneyhough's summary judgment motion on both claims on the basis of qualified immunity.

Public officials performing discretionary duties enjoy immunity from suits for damages, provided their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In the Fifth Circuit, we employ a three-part inquiry to determine whether an officer enjoys qualified immunity:

> First, we examine whether the plaintiff has alleged the violation of a constitutional right. Second, we determine whether the constitutional right was clearly established at the time the defendant acted. A constitutional right is clearly established if the unlawfulness of the conduct would be apparent to a reasonably competent official. The second prong of the qualified immunity inquiry therefore requires an assessment of whether the official's conduct would have been objectively reasonable at the time of the incident. Finally, we determine whether the record indicates that the violation occurred, or gives rise to a genuine issue of material fact as to whether the defendant actually engaged in the conduct that violated the clearly established right.

Conroe Creosoting Co. v. Montgomery County, 249 F.3d 337, 340 (5th Cir. 2001) (internal citations and quotation marks omitted). The plaintiff bears the burden of proving that the qualified immunity defense does not apply. McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002) (en banc). In this case, we agree with the district court that Carlton's claims fail on the first prong of the qualified immunity inquiry.

4

First, the Eighth Amendment prohibits excessive bail or fines and "cruel and unusual punishments." U.S. CONST. amend. VIII. The district court held that Carlton's Eighth Amendment claim lacked merit because the Eighth Amendment applies only to convicted prisoners, not individuals in pretrial police custody. See Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996). Because he was in pretrial custody, Carlton simply fails to make any cognizable claim under the Eighth Amendment.

Second, the district court held that Carlton did not show sufficient injury to sustain his Fourth Amendment excessive force claim. In the qualified immunity context, a plaintiff must show the following to succeed on an excessive force claim: "(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." Williams v. Bramer, 180 F.3d 699, 703 (5th Cir. 1999). The district court concluded that Carlton's claims that the handcuffs were too tight and that Fearneyhough threw a wad of paper in Carlton's face did not allege more than de minimis injury. See id. at 703-04 ("In determining whether an injury caused by excessive force is more than de minimis, we look to the context in which that force was deployed. The amount of injury necessary to satisfy our requirement of 'some injury' and establish a constitutional violation is directly related to the amount of force that is constitutionally permissible under the circumstances." (internal quotation marks omitted)). The court also noted that Carlton, in response to Fearneyhough's request for admissions, conceded that he suffered no injury as a result of the arrest. This is a binding factual admission that Carlton may not dispute on appeal. FED. R. CIV. P. 36(b); see also Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C., 930 F.2d 1117, 1120 (5th Cir. 1991) ("This conclusive effect applies equally to those admissions made affirmatively and those established by default, even if the matters admitted relate to material facts that defeat a party's claim." (footnote omitted)).

Therefore, Carlton failed to make out a prima facie case of an excessive force claim.

In this appeal, Carlton also alleges that (1) Fearneyhough did not have a reason to investigate Carlton on the date in question, (2) Carlton was not violating any law at the time Fearneyhough questioned him, and (3) Carlton cooperated with Fearneyhough's initial inquiry. However, Carlton fails to point out any specific error in the district court's grant of summary judgment, only vaguely charging that the district court's decision was "made on an arbitrary basis and not based on the evidence." Finding no merit in Carlton's challenges, we affirm the district court's summary judgment in favor of Fearneyhough on Carlton's federal law claims.

B.    State Law Claims

In his complaint, Carlton alleged the state law claims of malicious prosecution, intentional infliction of emotional distress, and conspiracy. Fearneyhough asserted official immunity. Official immunity is an affirmative defense. Univ. of Houston v. Clark, 38 S.W.3d 578, 580 (Tex. 2000). Therefore, to obtain summary judgment, a government officer must conclusively prove each element of the defense. Id. However, the district court never reached the issue of official immunity because it concluded that Carlton failed to make a prima facie case on any of his state law claims.

In Texas, a plaintiff brining a malicious prosecution claim must establish: "(1) the commencement of a criminal prosecution against the plaintiff; (2) causation (initiation or procurement) of the action by the defendant; (3) termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) the absence of probable cause for the proceedings; (6) malice in filing the charge; and (7) damage to the plaintiff." Richey v. Brookshire Grocery Co., 952 S.W.2d 515, 517 (Tex. 1997). "Courts must presume that the defendant acted reasonably and had probable cause to initiate criminal proceedings. To

rebut this presumption, the plaintiff must produce evidence that the motives, grounds, beliefs, or other information upon which the defendant acted did not constitute probable cause." Kroger Tex. LP v. Suberu, 216 S.W.3d 788, 793 (Tex. 2006) (citation omitted). The malice element may be inferred from a lack of probable cause. Id. at 798.

Before the district court, Carlton alleged that Fearneyhough maliciously prosecuted him solely because Carlton is black.[3] The district court reasoned that Carlton's claim of racial bias in Fearneyhough's actions was unsupported by any admissible evidence. In responding to Fearneyhough's requests for admissions, Carlton admitted that he had "no evidence that defendant Fearneyhough took any action or made any decision based on [his] race." See FED. R. CIV. P. 36(b); see also Am. Auto. Ass'n, 930 F.2d at 1120 (noting that such admissions are binding unless revoked). Therefore, without his claim of racial bias, the district court reasoned that Carlton has no basis on which to support his malicious prosecution claim.

Carlton argues that Fearneyhough acted in bad faith by arresting Carlton "on charges that were non-existence [sic] for the crimes cited." Presumably, Carlton alludes to reports that although Fearneyhough cited a "solicitation of a business" ordinance as the reason for arresting Carlton, the cited ordinance does not prohibit lawful picketing of a business. However, this does not constitute evidence that Carlton's "motives, grounds, beliefs, or other information" did not support probable cause. In fact, Carlton's own summary judgment evidence supports a conclusion that Fearneyhough—after speaking to the store manager, Steele—had a good faith belief that a man in the Family Dollar Store parking lot was handing out flyers and harassing customers. Fearneyhough arrived at the parking lot and found Carlton holding a flyer. When Fearneyhough initially

---

[3] Carlton also leveled charges that the City of Forth Worth has no evidence that Carlton committed a crime, though that claim does not implicate Fearneyhough.

questioned Carlton, he replied with profanity and failed to identify himself. Fearneyhough arrested Carlton based on what he reasonably believed were violations of local solicitation of business, disorderly conduct, and "refusal to identify" laws. See Richey, 952 S.W.2d at 517 ("The probable-cause determination asks whether a reasonable person would believe that a crime had been committed given the facts as the complainant honestly and reasonably believed them to be before the criminal proceedings were instituted."). Finally, we note that Carlton conceded in his second amended petition that proceedings were still pending on the citations Fearneyhough issued, making it impossible for Carlton to support the fourth (termination of the prosecution in the plaintiff's favor) and fifth (plaintiff's innocence) elements of a malicious prosecution claim.

Regarding Carlton's intentional infliction of emotional distress claim, the district court concluded that Carlton failed to allege the essential elements of that tort. To state a prima facie claim for intentional infliction of emotional distress under Texas law, a plaintiff must show "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." Hoffman-LaRoche, Inc. v. Zeltwanger, 144 S.W.3d 438, 445 (Tex. 2004). As a "gap-filler" tort, intentional infliction of emotional distress is available only "in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." Id. at 447 ("The tort's clear purpose . . . was to supplement existing forms of recovery by providing a cause of action for egregious conduct that might otherwise go unremedied." (internal quotation marks omitted)). The district court held that because the crux of Carlton's claim is another tort—arising from Fearneyhough's use of force during the incident—his intentional infliction of emotional distress claim is not cognizable. Carlton offers no specific criticism of the district court

on this point, and we therefore hold that summary judgment was proper on this claim.

Finally, the district court concluded that because Fearneyhough was entitled to summary judgment on all of Carlton's other claims, the conspiracy claim also must fail. See Tilton v. Marshall, 925 S.W.2d 672, 681 (Tex. 1996) ("[A] defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable."). In challenging the district court's judgment on his conspiracy claim, Carlton merely rehashes his version of the facts in this case, but he makes no claims that would support a substantive right of recovery. Primarily, Carlton argues that inconsistent statements in various police reports demonstrate "the mind set of the officers in the planning and execution of the charge and arrest of Carlton for non-existent charges." Finding no basis for recovery on any underlying tort, we conclude that summary judgment in favor of Fearneyhough was appropriate on this claim.

## IV. CONCLUSION

For the reasons stated, we affirm the district court's entry of summary judgment in favor of Fearneyhough.

AFFIRMED.