Dennis LAYTON, Plaintiff—Appellant,

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, a labor organization form unknown, Defendant—Appellee.

No. 06–55982.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2008.*

Filed April 11, 2008.

Daniel T. Streeter, Jr., Esq., Los Angeles, CA, for Plaintiff–Appellant.

Ira L. Gottlieb, Esq., Bush Quinonez Gottlieb Singer Lopez Kohanski & Dickinson, Burbank, CA, for Defendant–Appellee.

Before: B. FLETCHER, FRIEDMAN **, and N.R. SMITH, Circuit Judges.

MEMORANDUM ***

Plaintiff–Appellant Dennis Layton appeals the district court's entry of summary judgment in favor of the Defendant–Appel-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lee International Association of Machinists & Aerospace Workers ("IAMAW"). Layton contends that the district court erred by relying on certain facts deemed admitted as a result of Layton's failure to timely respond to requests for admission pursuant to Fed.R.Civ.P. 36(b). The admitted facts resulted in summary judgment on three of Layton's five claims (age discrimination, retaliation, and harassment). The district court entered summary judgment on Layton's two remaining claims (breach of contract and breach of implied covenant of good faith and fair dealing), after it determined those claims were preempted by 29 U.S.C. § 185(a) and barred under the resulting six-month statute of limitations. We affirm.[1]

The district court did not err when it deemed facts admitted because of Layton's failure to timely respond to requests for admission. There is no dispute that Layton did not respond on time; the facts were thus admitted without the need for any further action by the court or the parties. *F.T.C. v. Medicor LLC,* 217 F.Supp.2d 1048, 1053 (C.D.Cal.2002) ("No motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(a) is self-executing."). Once the facts were deemed admitted, the district court properly relied on them as a basis for entry of summary judgment. *Conlon v. United States,* 474 F.3d 616, 621 (9th Cir.2007) ("Unanswered requests for admissions may be relied on as the basis for granting summary judgment.").

Layton contends that the district court should have withdrawn the admissions pursuant to Fed.R.Civ.P. 36(b) because doing so "would promote the presentation of the merits of the action." Fed.R.Civ.P. 36(b). This argument ignores the obvious—Layton never made a timely motion for withdrawal, which Rule 36(b) requires. *Id.* Nor was this the first time that Layton's counsel had ignored the Civil Rules. The record reveals that the district court had to repeatedly admonish Layton's counsel for failure to comply with court rules, and had explicitly warned him that "refusal to abide by the deadlines set by [the court's] orders and the local rules will have consequences in this action." Moreover, Layton's counsel admitted that he wilfully failed to respond to the requests for admission as an exercise of "tactical judgment." Layton's contention that the admissions should have been withdrawn is thus meritless. *American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.,* 930 F.2d 1117, 1119–20 (5th Cir.1991) (abuse of discretion to *sua sponte* withdraw admissions without proper motion).

The district court did not err by entering summary judgment on Layton's claims for breach of contract and breach of the implied covenant of good faith and fair dealing. These claims, which called on the district court to interpret a union constitution, are preempted by 29 U.S.C. § 185(a). *Assoc. Builders & Contractors, Inc. v. Local 302 IBEW,* 109 F.3d 1353, 1356–57 (9th Cir.1997). Having correctly determined that these claims were subject to preemption, the district court was also correct that these claims were barred by the applicable six-months statute of limitations. *Moore v. Local 569 IBEW,* 989 F.2d 1534,

---

1. IAMAW requests that we dismiss the appeal for Layton's failure to follow the Rules of Appellate Procedure. There are numerous deficiencies in Layton's opening brief, most notably a failure to cite to, or provide the court with, excerpts of record. Fed. R.App. P. 28(a)(9)(A); Ninth Cir. R. 28–2.8. Although we share IAMAW's consternation, we nonetheless conclude that the deficiencies are not sufficiently egregious to warrant the harsh sanction of dismissal. *Nathan Kimmel, Inc. v. DowElanco,* 275 F.3d 1199, 1203 n. 2 (9th Cir.2002).

1542 (9th Cir.1993); *Milne Employees Ass'n v. Sun Carriers, Inc.,* 960 F.2d 1401, 1411 (9th Cir.1992).

**AFFIRMED.**